Wilson *v.* The Madison, &c., R. R. Co.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings.

*Samuel Judah,* for the appellants.

---

WILSON *v.* THE MADISON, &c., R. R. Co.

One good defence is as good as many.

An employer is not liable to one employee for an injury occasioned by another engaged in the same general undertaking.

An employee, whose duties are various, consisting, among other things, of coupling and uncoupling trains, is, while engaged in uncoupling cars, to be regarded in the same general undertaking as the engineer and conductor having charge of the cars.

And the fact that such servant had other duties to perform could neither enlarge nor diminish his rights in the premises.

A reply is bad which does not state facts sufficient to avoid the answer, and show that the plaintiff is entitled to recover.

APPEAL from the *Jefferson* Circuit Court.

WORDEN, J.—Complaint by *Wilson* against the railroad company for an injury done him by the cars of the defendant, through the carlessness of her servants and agents in running the train. The point upon which the case turns is developed by the subsequent pleadings; the complaint, therefore, need not be set out.

The second paragraph of the defendant's answer avers: "That at the time of the supposed accident and injury to the plaintiff, he was in the service and employment of the defendant, by virtue of a contract between them, as brakeman on a certain train of cars commonly called a freight train, and not as a passenger thereon, possessed and run by the defend-

ant as her railway. That there were then and there on said train divers other employees of the defendant in like manner engaged and employed by the defendant, to-wit: one conductor, one engineer, one fireman, and divers, to-wit: two other brakemen. That the plaintiff and said other employees were employed by, and acting for, the defendant in using, running and operating said train of cars, and were all then and there fellow servants of the defendant in that behalf, and in one and the same line of employment; and that in the selection and employment of the plaintiff's co-employees the defendant had used due and reasonable care and caution, and that said co-employees were competent and prudent persons in their respective positions; and the defendant says that the said supposed negligence and carelessness, by means of which the said accident and injury happened to the plaintiff, was that of his said co-employees, or some of them, on said train of cars, and not by the defendant or any other person."

To this paragraph of the answer the plaintinff replied:

*First.* "That at the time of the injury complained of one *Harrison* was the conductor of a certain freight train of cars belonging to the defendant, and as such had the management of said train, and that one *Joshua McCauly* was the engineer upon said train, and placed there by said defendant two years before said injury; and both said conductor and engineer were employed by the defendant, and were both and each careless, unskillful and incompetent in the general management of trains of cars, and that the injuries complained of were caused by the carelessness and negligence of said engineer and conductor, and of no other employees of said defendant."

*Second.* "That before and at the time of said injury, the plaintiff was an employee of said railroad company, but engaged in no particular department of their business; and that the plaintiff was stationed by said company at and near *North*

*Madison* in said county, at which place the cars, machinery and property of said company, at the Southern terminus of said road, were kept; and at said place the said company had divers switches and accommodations for freight cars, and at said place the company were accustomed to, and did, couple and uncouple cars to and from their said trains, and switch cars off from the main track, &c.; and that the plaintiff was, before and at the time, employed by said road and stationed at said point, and that the duties of this plaintiff, and labor under said employment, were various; that a part of his labor was ballasting the track and assisting in hauling and unloading gravel upon said track in and about said place, and also to assist in uncoupling and coupling, and switching off trains at said point when ordered by defendant to do so, but this defendant (plaintiff) was connected with no trains as a business as an employee, but was stationed at said point to do any and all kinds of labor as might be ordered, and such as is not done usually by brakemen, engineer, conductor or firemen in the employ of said road; and that on the day and at the time of the injury he was directed to detach or uncouple a freight car, which, with others, was attached to an engine, and that it was necessary to [go] over the top of other cars thereto attached to reach said car and uncouple the same, and that while doing so the engineer and conductor carelessly and unjustly started said train without signal, and in a quick unusual manner, and thereby carelessly and negligently precipitated the plaintiff from said cars upon the track, and inflicted the injury as stated in the complaint, and that the same was done without any fault or carelessness of the plaintiff."

To these replies a demurrer was sustained and the plaintiff excepted. The plaintiff declining to make further reply to the paragraph of the answer in question, final judgment was rendered for the defendant.

The appellant, the plaintiff below, claims that if the de-

murrer to the replies was correctly sustained, still there should not have been judgment for the defendant, but that the other issues in the cause should have been tried. This is clearly a mistake. The paragraph of the answer, if good, and no objection is made to it, is a bar to the action. This paragraph stood without other replication than those above set out, and entitled the defendant to judgment. One good defence is as good as many. Had the other issues been tried and found for the plaintiff, still the defendant would have been entitled to judgment on the pleading.

The only remaining question is whether the demurrer to the replications was properly sustained.

It is now abundantly settled that an employer is not liable to one employee for an injury occasioned by another engaged in the same general undertaking. *The Ohio and Mississippi Railroad Company* v. *Tindal,* 13 Ind. 367, and authorities there cited.

The first paragraph of the reply is bad, even on the hypothesis that the company would be liable for negligence in the employment of careless and unskillful servants. It alleges that the conductor and engineer were careless, unskillful and incompetent in the general management of trains, but it does not aver that the defendant had any knowledge of that fact, nor does it controvert the allegation in the answer that "in the selection and employment of the plaintiff's co-employees the defendant had used due and reasonable care and caution."

The question raised by the second paragraph of the reply is whether an employee, whose duties under his employment are various, consisting, amongst other things, of coupling and uncoupling trains, is, while thus uncoupling cars, to be regarded as in the same general undertaking as the engineer and conductor having charge of the cars, within the meaning of the rule as thus established.

This question, we think, is conclusively settled in the affirmative by the authorities. Thus in *Gillshannon* v. *The Stormy Brook Railroad Corporation*, 10 Cush. 228, it was held that no action would lie for an injury to a laborer on a railroad, while riding on a gravel train to his place of labor caused by the negligence of the company's servants in charge of the train.

In *Whaalen* v. *The Mad River and Lake Erie Railroad Company*, 8 Ohio St. Rep. 249, it was held that where the injured party is engaged in the repair of a railroad track which is then in use for the running of trains, and the party through whose negligence the injury occurs is a hand employed on the engine and tender of a passing train, they are engaged in a common business within the scope of the above rule. In *Russel* v. *The Hudson River Railroad Company*, 17 N. Y., it was held that a laborer employed by a railroad company to work in connection with a train of cars, under an arrangement by which he was to be conveyed to his home every night in such cars free of charge, could not maintain an action against the company for an injury sustained while thus riding home, in consequence of the negligence of the engineer. See, also, *Sherman* v. *The Rochester and Syracuse Railroad Company*, id. 153. In *Baldt* v. *The New York Central Railroad Company*, 18 N. Y. 432, it was held that a laborer employed to gravel a new and unfinished track, upon which no train had run, and who was walking upon it towards the place where he was to commence his day's work, and was overtaken and injured by a passenger train using the new track in consequence of a temporary obstruction of the old one, which run parallel and about six feet distant, could maintain no action against the common employer for the injury received from the negligence of those running the train. These authorities, whether admitted to their full extent or not, clearly show that this case comes within the established rule. The fact that the plaintiff, under his employment, had du-

ties to perform other than coupling and uncoupling cars, can make no difference in the case. If he received an injury while in the performance of that service, his rights can neither be enlarged nor diminished by the fact that his employment embraced other service.

The first paragraph of the reply is bad because it does not set up facts sufficient to avoid the answer, and the second is bad because it presents such a state of facts as shows the plaintiff is not entitled to recover. There was no error in sustaining the demurrer.

*Per Curiam.*—The judgment is affirmed with costs.

*H. W. Harrington*, for the appellant.

*C. E. Walker* and *G. W. Richardson*, for the appellee.