Robertson *v.* The Terre Haute and Indianapolis Railroad Company.

No. 8170.

ROBERTSON *v.* THE TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY.

NEGLIGENCE.—*Railroad.*—*Negligence of Co-employee.*—*Brakeman.*—*Train Dispatcher.*—Injury to a brakeman upon a train *en route,* by reason of a collision with another train moving in an opposite direction, and which was the result of the negligence of the train dispatcher, whose duty it is to control the movement of trains, affords no right of action against the railroad company for the injury. The brakeman and train dispatcher, though many miles apart, and with distinct duties, are nevertheless coservants in the accomplishment of the same general object.

From the Vigo Circuit Court.

*S. B. Gookins, G. C. Duy* and *W. H. H. Russell,* for appellant.

*J. G. Williams,* for appellee.

MORRIS, C.—The appellant brought this suit to recover damages for an injury alleged to have been received by him while in the service of the appellee as a brakeman on one of its trains. To the appellant's complaint the appellee filed a general denial. The cause was submitted to a jury for trial. The appellant having introduced his evidence in support of his complaint, the appellee demurred to it. The appellant joined in demurrer. The court sustained the demurrer, and judgment was rendered for the appellee.

The appellant assigns as error the sustaining of the demurrer.

The testimony shows that on the morning of the 28th of

March, 1876, the appellant was in the employ of the appellee as head brakeman on its train No. 14, and that said train left Indianapolis for Terre Haute on that morning at one o'clock and forty minutes.    That the regular time of said train for leaving Indianapolis was one o'clock and ten minutes A. M., but that in accordance with the rules, and regulations of the appellee, it waited at Indianapolis a half hour for train No. 19, which was due from Terre Haute.    That at or near Bridgeport, some nine miles west of Indianapolis, No. 14 collided with No. 19.    That without fault on his part, and in consequence of such collision, the appellant's leg was caught between the coal car and tender, and crushed and broken so that it had to be amputated.    The testimony also shows that there was a side-track on the appellee's road at Bridgeport that would hold sixty cars; that there was a switch at the west end of said side-track, and that the collision took place a short distance east of the side-track.    Train No. 19, running eastward from Terre Haute to Indianapolis, passed the side-track at Bridgeport, intending to run upon the side-track through the switch at its east end.    That it could have run upon the side-track through the switch at the west end, and that, had it done so, the injury might not have happened to the appellant.

The testimony further showed that the appellee's train dispatcher lived at Terre Haute; that no notice was given to train No. 19 of the time at which train No. 14 left Indianapolis; that train No. 19 was not running on time, being about one hour behind time at Bridgeport, and that it was running in violation of the rules of the appellee.    That No. 14, on which the appellant was brakeman, was running on time and in accordance with the rules and regulations of the appellee, and that the collision occurred without fault on the part of appellant or those having charge of train No. 14.    The evidence also showed that the appellee had telegraph offices and operators at Indianapolis, Greencastle and Terre Haute. By Rule 6 of the appellee's regulations, eastward-bound freight trains are entitled to the track, but, if a half hour be-

Robertson *v.* The Terre Haute and Indianapolis Railroad Company.

hind time, then westward-bound trains become entitled to the track as against the belated train.

It may be fairly inferred, we think, that those operating train No. 19, as well as those in charge of train No. 14, were acquainted with the rules of the appellee as to the running of its trains; that those in charge of No. 19 knew that it was more than a half hour behind time; that they also knew that No. 14 would not, for that reason, leave Indianapolis until a half an hour after its usual time; they further knew that it was the duty of those in charge of No. 19 to leave the track free for No. 14. No. 19 should, therefore, have run upon the side-track through the switch at its west end, and thus left the track free for No. 14. The neglect to do this probably caused the accident and the injury to the appellant.

The appellant insists, however, that the reasonable inference from the evidence is, that the collision of the trains was due to the negligence of the appellee's train dispatcher; that, had he notified the conductor of train No. 19, of the time of the departure of train No. 14 from Indianapolis, and directed him to enter upon the side-track at Bridgeport from the west, the accident would not have occurred.

But, conceding that the evidence tends fairly to show that the appellant's injury was due to the negligence of the appellee's train dispatcher, the question arises, Was the appellee's train dispatcher the co-servant of the appellant? If they were fellow servants, the appellant can not recover; if they were not, then he should recover. This is the only question in the case urged by the appellant.

The appellant insists with much confidence and earnestness, that a train dispatcher is not the co-servant of a brakeman, because in the performance of his duties he is stationary, while the brakeman is out upon the train.

The duties of the train dispatcher and the brakeman are quite distinct, but not more so than are the duties of the trackman or the switch-tender and the brakeman. Safety in

running trains requires the prompt and faithful discharge of the duties of all these employees. Their co-operation and combined labor relate to the same object, and are essential to the movement of trains upon the road. The mere fact that the duties of some of the employees are performed upon the train, and those of others at a particular place upon the road, does not,. as claimed by the appellant, determine the question of their common employment. If the duties discharged by each relate to the same general object, they must be held to be fellow servants. It is enough if they are employed for the purpose of effecting the same general object. Wharton Neg., sec. 230 ; *Slattery's Adm'r* v. *The Toledo, etc., R. W. Co.*, 23 Ind. 81 ; *Wilson* v. *The Madison, etc., R. R. Co.*, 18 Ind. 226 ; *Gormley* v. *The Ohio, etc., R. W. Co.*, 72 Ind. 31. The court did not err in sustaining the demurrer. *Durgin* v. *Munson*, 9 Allen, 396.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.