Justice *v.* The Pennsylvania Company.

Filed Feb. 17, 1892.

———————

No. 15,533.

## JUSTICE *v.* THE PENNSYLVANIA COMPANY.

MASTER AND SERVANT.—*Fellow-Servant.—Section Foreman.—Vice-Principal when.*—A section foreman of a railroad, with power to employ and discharge section hands, is a vice-principal when employing and discharging servants; but he is a fellow-servant in his control of the men after their employment; and for an injury to a member of his gang, occasioned by such foreman's negligence, the railroad company is not liable.

SAME.—*Rank of Servant not Determinative.*—Whether or not two persons, at a given time, are fellow-servants is not a question of rank.

SAME.—*When and where not a Fellow-Servant.*—If at the time the offending servant performs the act by which another servant is injured he is in the performance of a duty which the master owes to his servants, he is not a fellow-servant; but if the offending servant is in the discharge of a duty which he owes to the master, he is a fellow-servant with others engaged in the same common business.

SAME.—*Delegation of Power.—Liability of Master.—Vice-Principal.*—A master can not rid himself of the duty he owes to his servants by delegating his authority to another; and if he attempts to do so, the person to whom he delegates the power to act is a vice-principal, and not a fellow-servant.

From the Clark Circuit Court.

*D. C. Anthony* and *L. A. Douglass,* for appellant.

*S. Stansifer,* for appellee.

COFFEY, J.—The material facts alleged in the complaint

in this case are, that on the 9th day of May, 1888, the appellant was in the employ of the appellee as a section hand, with a gang of four other men, engaged in the repair of appellant's railroad track, of which gang one McCleary was foreman; that it was the custom of appellee to delegate to such foremen as were in its employment the power to employ and discharge section hands, and that the appellant was employed by said McCleary, who had power to discharge him; that it was the duty of McCleary to direct appellant, and the gang with which he worked, how, when and where to work, and to direct and control the manner of using the various tools, implements and other means used to perform the work, and that he had the absolute control and supervision of the use and movements of a certain hand-car used by said gang in the prosecution of their work; that on said day, after the day's work was completed, appellant and said gang, with McCleary, got upon said hand-car for the purpose of returning the same, with the tools, to the place where they were usually kept, when another gang, consisting of seven section men, placed their hand-car upon the track, and started after the appellant and the gang with which he was associated; that each of said hand-cars was propelled by power applied to wheels by means of cog-wheels connected with rods fastened to two levers, which said levers rested on an upright projecting above the floor of the car about two or three feet; that the gang, composed of seven men, were on a hand-car longer and heavier than the car used by the appellant and his gang, and that the levers and apparatus used to propel the same were longer in proportion, and capable of propelling the car at a rate of speed double that of the one on which appellant was travelling; that said men ran their car up to and against the car upon which appellant was, and began to and did run the same at great speed, which caused the levers on appellant's car to work up and down with such rapidity that it became and was difficult for appellant to maintain his hold on them, and that by reason of the small space on the plat-

form of the car, it was dangerous to let go the lever, the hold on the same being the only means by which appellant could maintain his position on the car ; that said McCleary knew that the rapid motion of said levers was dangerous to those upon the car, and that it was difficult for appellant to retain his hold thereon, and so knowing, carelessly and negligently failed to apply the brake and check the speed of the car, though said brake was convenient to him, and not convenient to the appellant; that by reason of the rapid speed of the car, and the motion of the levers thereon, the hold of the appellant became loosened, without any fault or negligence on his part, and said lever struck the appellant, whereby he was greatly injured ; that said McCleary carelessly and negligently permitted said other car to butt up against the car upon which appellant was travelling without any objection thereto, and permitted the gang thereon to propel and push ahead appellant's car at a very rapid rate of speed, and carelessly and negligently permitted the same to continue without raising any objection thereto, or applying the brake until said accident occurred.

To this complaint the circuit court sustained a demurrer, and the propriety of this ruling is the only question for our consideration.

The complaint is drawn upon the theory that the facts therein stated constitute the section foreman, McCleary, a vice-principal, and the appellant seeks, in this court, to convince us that the complaint, upon that theory, states a cause of action. On the other hand it is contended by the appellee that, under the facts alleged in the complaint, it appears that the section foreman was a fellow-servant with the appellant, for whose negligence the appellee is not liable. The matter, then, for decision by this court is as to whether the section foreman, under the facts alleged in the complaint, was a vice-principal or a fellow-servant.

The rule in this State that the master is not liable to his servant for an injury occasioned by the negligence of a fel-

low-servant, is too well established and is too familiar to call for the citation of authority.

It is also settled that the question of rank, in most cases, throws no light upon the inquiry as to whether two persons were, or were not, at a given time, fellow-servants, for it is not a question of rank. *Drinkout* v. *Eagle Machine Works*, 90 Ind. 423; *Indiana Car Co.* v. *Parker*, 100 Ind. 181; *Taylor* v. *Evansville, etc., R. R. Co.*, 121 Ind. 124.

Notwithstanding the fact that the general rule which holds the master is not liable to his servant for the negligence of a fellow-servant is well understood, it is often difficult to determine, from a given state of facts, who are, and who are not, fellow-servants. Ever since the decision in the case of *Priestley* v. *Fowler*, the first decision upon the subject, decided in England in the year 1837, and reported in 3 Mees. & W. 1, judges and text-writers have attempted to lay down some rule or formula by which to determine what servants of a common master may be said to be fellow-servants.

Judge Cooley says: " Persons are fellow-servants where they are engaged in the same common pursuit under the same general control." Cooley Torts, p. 541, note 1.

Judge Thompson says: "All who serve the same master, work under the same control, derive authority and compensation from the same common source, are engaged in the same general business, though it may be in different grades or departments of it, are fellow-servants, who take the risk of each other's negligence." Thompson Negligence, p. 1026, section 31.

Mr. Wood says: " The true test of fellow-service is the community in that which is the test of service, which is subjection to the control and direction of the same common master, in the same common pursuit." 3 Wood Ry. Law, section 338.

Mr. Beach says: "All servants in the employ of the same master, subject to the same general control, paid from a common fund, and engaged in promoting or accom-

plishing the same common object, are to be held fellow-servants in a common employment." Beach Cont. Neg., section 332.

It is said that all these rules are faulty, and of little practical use, by reason of their being stated so broadly and in such general and comprehensive terms.

The question as to whether the relation of fellow-servants exists in a given case is, in our opinion, determined by an inquiry into the nature of the service at the particular time in question. If, at the time the offending servant performed the act by which another servant was injured, he was in the performance of a duty which the master owed to his servants, he was not a fellow-servant, for the rule is fundamental that the master can not rid himself of the duty he owes to his servants by delegating his authority to another, and if he attempts to do so, the person to whom he delegates the power to act is a vice-principal, and not a fellow-servant. McKinney Fellow-Servants, section 23; *Indiana Car Co. v. Parker, supra; Pennsylvania Co. v. Whitcomb,* 111 Ind. 212; *Krueger v. Louisville, etc., R. W. Co.,* 111 Ind. 51; *Indianapolis, etc., R. W. Co. v. Watson,* 114 Ind. 20; *Louisville, etc., R. W. Co. v. Sandford,* 117 Ind. 265; *Cincinnati, etc., R. W. Co. v. Lang,* 118 Ind. 579.

On the other hand, if at the time of the alleged negligence the servant was not engaged in the performance of a duty which the master owed to his servants, but was in the discharge of a duty which the servant acting owed to the master, he will be held to be a fellow-servant with others engaged in the same common business, and the master will not be liable for any injury inflicted upon such fellow-servant by reason of his negligence.

That a section foreman may be a vice-principal is not doubted. In this case he was a vice-principal in the matter of hiring and discharging hands, for the master owes it as a duty to exercise reasonable care not to employ any but careful men, and to discharge those who prove to be negligent.

In the hiring and discharging of the men he was in the performance, therefore, of a duty which the master owed to his servants and was, while so engaged, a vice-principal. But it was not so in transporting the men to and from their work. In the matter of moving the hand-car and their tools to and from the locality at which they worked upon the track, they were in the discharge of a duty which they owed the master and were, therefore, fellow-servants. *Wilson* v. *Madison, etc., R. R. Co.,* 18 Ind. 226; *Ohio, etc., R. R. Co.* v. *Tindall,* 13 Ind. 366; *Slattery* v. *Toledo, etc., R. W. Co.,* 23 Ind. 81; *Sullivan* v. *Toledo, etc., R. W. Co.,* 58 Ind. 26; *Gormley* v. *Ohio, etc., R. W. Co.,* 72 Ind. 31; *Robertson* v. *Terre Haute, etc., R. R. Co.,* 78 Ind. 77; *Indiana Car Co.* v. *Parker, supra; Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151; *Boyce* v. *Fitzpatrick,* 80 Ind. 526; *Capper* v. *Louisville, etc., R. W. Co.,* 103 Ind. 305.

The negligence alleged against the foreman in charge of the appellant is that he failed to apply the brake, and failed to object or protest against the conduct of those who ran their hand-car against the one in his charge. Had he acted as brakeman, under the circumstances disclosed in this case, he would have been acting as a fellow-servant with the appellant, and not as vice-principal. Indeed, the only matter in which he did not act as a fellow-servant was the matter of employing and discharging servants.

For these reasons the complaint before us does not state a cause of action, and the court did not err in sustaining a demurrer thereto.

Judgment affirmed.

Filed Feb. 18, 1892.