STOCKMEYER v. REED.

(Circuit Court, D. Indiana. April 17, 1893.)

No. 8,791.

FELLOW SERVANTS—VICE PRINCIPAL—LIABILITY OF EMPLOYER.

If an employe is injured by reason of the negligence of the foreman or superintendent in charge of the work, he can only recover against the employer when the foreman or superintendent was negligent in performing duties which the law imposes on the master personally, and cannot recover if the foreman or superintendent was merely negligent in the performance of such work as properly pertains to a servant; as, for instance, in pounding and prying upon a rock in a stone quarry.

At Law. Action by Lentwick Stockmeyer against David Reed for damages for personal injuries sustained by the plaintiff while in the defendant's employment. Heard on demurrer to the complaint. Sustained.

Keith & Taylor, for plaintiff.
Dunn & Alexander, for defendant.

BAKER, District Judge. The sole question in this case is raised by the defendant's demurrer, which alleges that the complaint does not state facts sufficient to constitute a cause of action. The material facts alleged in the complaint are that the defendant on and before, as well as after, May 6, 1892, was the owner of and actively operating a certain stone quarry and stone sawmill at and near Reed's station, in Lawrence county, Ind., for the purpose of quarrying, turning, cutting, sawing, and shipping limestone, and in the operation of said quarry and mill employed a large number of men. That defendant is likewise the owner of large quarries and mills in Monroe county, Ind. That he is a resident of Chicago, Ill., and is seldom present at his quarries and mills in Lawrence and Monroe counties, and intrusts the control and management of the same to one Robert Reed, and divers other superintendents and foremen. That at the date of the grievances, May 6, 1892, the defendant had in charge of the quarries at Reed's station, as superintendent and foreman, one Joseph Drehoble, and that Drehoble, in the absence of Robert Reed, was in full charge of the quarries, the works, men, employes, and machinery; and on the 6th day of May, 1892, Robert Reed was absent from the quarries and works at Reed's station, and was in Monroe county, and so absented himself, leaving Drehoble in full control and management of the quarries, their employes, machinery and business. That at and prior to said date plaintiff was employed by defendant, and was engaged as a quarryman or scabbler in the quarries and yards of the defendant at Reed's station. That at said date Drehoble attempted to turn, and cause to be turned, a certain block of stone in said quarry. That, after the stone has been duly channeled, it is the customary and usual and only safe rule of quarrying to drill the same at the base of the cut on the outside before attempting to turn the stone; but in violation of this rule, which is the only safe one, the defendant, by his superintendent and foreman, negligently and carelessly attempted to turn and throw over said stone without so drilling, and, in so attempting, Drehoble had actual charge and management of the quarry and its employes. That Drehoble discovered that there were one or more dry seams running through the stone, thereby rendering it liable to break and come apart when moved or handled; and, notwithstanding the fact that Drehoble had full knowledge of the dangerous and unsafe condition of the stone, he directed and ordered the plaintiff, who was scabbling at another part of the quarry, to work at and immediately below the outside base of the rock so sought to be turned, and to clean away dirt and rubbish from the same, that the stone might be so turned or thrown over.

That plaintiff had no knowledge of the dangerous and unsafe condition of the stone and the work, and that Drehoble had full knowledge, and that, under said orders from him, plaintiff proceeded to work at the base of the rock; and while he was so at work, under defendant's orders, and without fault, Drehoble, superintendent and foreman as aforesaid, was carelessly and negligently pounding and prying on said rock above the plaintiff; and, as the result of such careless and negligent acts on the part of defendant and his superintendent and foreman, the rock, so seamed, as Drehoble well knew, parted and broke and slipped, and fell on the plaintiff, bruising and mangling him so as to require the amputation of his right leg.

The plaintiff contends that the foreman of the defendant represented him in the alleged wrongful acts resulting in his injury, in such sense that the negligence of the foreman was the negligence of the defendant. On the other hand, the contention of the defendant is that the foreman and the plaintiff were engaged at the time of the injury as fellow servants in performing the work of a common employer, and that the facts disclosed in the complaint bring the case within the principle that the employe assumes the risks incident to the service, and that among them are those arising from the negligence of a fellow servant. It is firmly established that the common master is not responsible to an employe for an injury caused by the negligence of a coemploye, in the absence of negligence, either in hiring or in retaining one who is careless or incompetent. Hough v. Railroad Co., 100 U. S. 213; Railroad Co. v. Herbert, 116 U. S. 642, 6 Sup. Ct. Rep. 590; Holden v. Railroad Co., 129 Mass. 268; Flynn v. City of Salem, 134 Mass. 351; Crispin v. Babbitt, 81 N. Y. 516; Hussey v. Coger, 112 N. Y. 614, 20 N. E. Rep. 556; Taylor v. Railroad Co., 121 Ind. 124, 22 N. E. Rep. 876; Justice v. Pennsylvania Co., 130 Ind. 321, 30 N. E. Rep. 303. It is equally well established that the fact that one employe is the superior of another makes no difference. The question is not one of rank. Whether, at the time the negligent act causing injury occurs, they are fellow servants, is not to be determined by an inquiry into their relative grade or authority. The rule extends to every case where the two, deriving their authority and compensation from the same source, are engaged in the same business, although in different departments. McGee v. Cordage Co., 139 Mass. 445; Clifford v. Railroad Co., 141 Mass. 564, 6 N. E. Rep. 751; McCosker v. Railroad Co., 84 N. Y. 77; Car Co. v. Parker, 100 Ind. 181; Justice v. Pennsylvania Co., supra. If Drehoble was acting in the capacity of a fellow servant at the time his negligence caused the plaintiff's injury, the action cannot be maintained, although he was the plaintiff's superior, and had the right to retain or discharge him. The defendant exercised no personal supervision over the work, but devolved its whole control and management upon superintendents and foremen, who were authorized to employ and discharge workmen, to regulate and direct the manner of the work, to provide the appliances and means necessary to its prosecution, and to determine the time and place of its performance. The superintendents or foremen were employed by the defendant as his servants, but were

delegated with the discharge of all those duties which, in the con-
duct of the work at the quarries, rested upon the defendant as
master to perform in respect to the persons there employed.

So far, therefore, as the sufficiency of the complaint in this case
is concerned, Drehoble may be regarded as standing in the place
of the master to the persons employed in the quarries. It is not,
however, every act of such superintendent or foreman for which
the master is liable. Notwithstanding his supervisory power, such
superintendent or foreman is still a servant, and, in respect to such
acts and work as properly belong to a servant to do, he is, while
performing them, discharging the duties of a servant, for whose
carelessness and negligence the master is not responsible to a co-
employe. Taylor v. Railroad Co., 121 Ind. 124, 22 N. E. Rep. 876;
Justice v. Pennsylvania Co., 130 Ind. 321, 30 N. E. Rep. 303; Cris-
pin v. Babbitt, 81 N. Y. 516; Hussey v. Coger, 112 N. Y. 614, 20
N. E. Rep. 556; Holden v. Railroad Co., 129 Mass. 268; Wilson v.
Merry, L. R. 1 H. L. Sc. 326. It has been asserted that, in determin-
ing the responsibility of the master for the negligent acts of his
servants, we must look solely at the position of such servant, and
we must consider the duties devolved upon him, solely for the
purpose of determining his position; and, if we find that he is the
representative of the master, then the master must be held re-
sponsible for all his acts of negligence committed within the scope
of the business intrusted to him, as well to coemployes as to
strangers, whether the acts of negligence were such as pertained to
the duties of the master or those of a servant. Crispin v. Babbitt,
81 N. Y. 516, dissenting opinion of Earl, J. In my opinion, how-
ever, there can be no middle ground. Either the master must be
held responsible for all negligent acts of his superintendent or fore-
man within the scope of the business intrusted to him, or for those
only which pertain to the duties of the master. Reason and the
decided weight of authority support the doctrine that the em-
ploye, whatever his rank or authority may be, does not stand in
the place of the master except in respect of the performance of
those duties which, from motives of public policy, the law has im-
posed upon the master. There are duties incumbent on the master,
with reference to the safety of his employes, whose performance
the law devolves upon him personally; and whoever is authorized
by him to perform them, without regard to his grade or authority,
stands, while engaged in their performance, in the master's place,
and his negligence in their performance is the negligence of the
master. The supervision of the business, the employment of work-
men, suitable in number and skill, the provision of suitable tools,
machinery, and materials for the work, the providing and main-
tenance of reasonably safe and secure places for his employes in
which to work, are some, but not all, of the duties devolved by
the law on the master personally. The neglect of any of these
duties, causing injury to employes or strangers, whether the negli-
gent act be that of the master, or of a servant upon whom he has
devolved these duties, gives a right of action against the master.
But no reason is perceived why the servant, upon whom the master

has devolved these duties, the performance of which the law has imposed upon him personally, may not also perform for the master service which belongs properly to a servant to do; nor is there any reason why the same rules of law should not apply to such employe as to any other, in respect to such work as properly belongs to a servant to do. In my opinion the true rule is that the master should be held responsible for every act of negligence of a servant, whatever his rank, who is charged with the performance of those duties devolved by the law on the master, where the negligent act of such servant has relation to the performance of the master's duties; and that such servant, when performing such work as properly pertains to a servant to do, is the fellow servant of all others engaged in the common service. As was said in the case of Crispin v. Babbitt, supra:

"The liability of the master does not depend upon the grade or rank of the employe whose negligence causes the injury. A superintendent of a factory, although having power to employ men, or represent the master in other respects, is, in the management of the machinery, a fellow servant of the other operatives. * * * The liability of the master is thus made to depend upon the character of the act, in the performance of which the injury arises, without regard to the rank of the employe performing it. If it is one pertaining to the duty the master owes to his servants, he is responsible to them for the manner of its performance. The converse of the proposition necessarily follows: If the act is one which pertains only to the duty of an operative, the employe performing it is a mere servant, and the master, although liable to strangers, is not liable to a fellow servant for its improper performance."

In that case, while the plaintiff was engaged in lifting the flywheel of an engine off its center, the superintendent carelessly let on the steam and started the wheels, throwing the plaintiff onto the gearing wheels, and thus occasioned the injuries complained of.

While the allegations of the complaint are inartificial and confused, it seems to me that the proximate cause of the injury was the careless and negligent acts of the foreman which pertained to the duties of a servant, and not to those of a master. In ordering the plaintiff to work below the stone which was being quarried, the foreman was performing an act pertaining to the duties of a master; but no injury arose from the plaintiff's obedience to this order. Nor was the dry seam in the stone the proximate cause of the injury. The proximate cause of the injury was the careless and negligent acts of the foreman in pounding and prying on the stone in attempting to remove it from its bed. The quarrying of the stone, and its removal from its bed, pertained to the duties of a servant, and not to those of a master. The injury was the proximate result of the careless and negligent acts of the foreman which pertained to his duties as a servant, and not to the improper performance of those duties which pertained to the defendant as master. For these reasons the demurrer must be sustained, and it is so ordered.