### Louisville, New Albany and Chicago Railway Company *v.* Wagner.

[No. 18,013. Filed May 23, 1899. Rehearing denied Nov. 2, 1899.]

Master and Servant.—*Negligence of Foreman.—Employer's Liability Act.*—Appellant and several other employes of a railroad company, pursuant to the orders of their foreman, were loading a heavy truck on a flat car. The manner of loading was by rolling the truck up on skids. Appellant, by direction of the foreman, took the dangerous position behind the truck and between the skids. The foreman, in addition to giving orders, would chock the truck from time to time as it became necessary. When the truck was about two-thirds of the way up, the foreman, without giving appellant warning or an opportunity to escape, directed the workmen to loose the truck and "let her go." The workmen obeyed the order and the truck was precipitated upon appellant, crushing his arm. *Held,* that, under the employer's liability act (§5206s Horner 1897), the railroad company is liable to appellant for the personal injuries sustained. *pp. 421-424.*

MASTER AND SERVANT.—*Employer's Liability Act.*—Subdivision 2 of §1 of the employer's liability act (Acts 1893 p. 294), authorizing recovery where the injury to an employe results from the negligence of a person to whose direction the employe is bound to conform is not nullified by the specification and enumeration contained in subdivision 4 of said section. *p. 425.*

From the Clark Circuit Court. *Affirmed.*

*E. C. Field, W. S. Kinnan, M. Z. Stannard, B. K. Elliott* and *W. F. Elliott,* for appellant.

*C. L. Jewett* and *H. E. Jewett,* for appellee.

HADLEY, J.—The special verdict of the jury discloses the following facts: One Cunningham was the duly constituted foreman of a gang of ten or twelve men, common laborers, of whom the appellee was one, all, including Cunningham, employes of appellant and engaged in loading car trucks, composed of four wheels, axles, and gearing, and weighing about 2,500 pounds, upon a flat car for transportation. By the method pursued, which was the usual and ordinary way, the trucks were placed upon the rails occupied by the flat car to be loaded about fifty feet distant; then two wooden skids fifteen feet long, made for and suitable to the purpose, were arranged by placing ends on top of the flat car and the other ends upon the rails towards the trucks. The ten or twelve men, including appellee, were all subject to the orders of Cunningham and were bound to conform and did conform to his orders.

Ordinarily the men, being placed about the truck, some to the sides and three to the rear, two outside and one between the skids, by their united effort, under the orders of Cunningham would push the trucks along rapidly, and, by the momentum attained, would be able to carry the trucks half way up the skids before stopping, and, when a stop was made, Cunningham, in addition to giving orders, would chock the trucks with a piece of timber. From the first stop to the top of the car, movement was made by short stages.

On the occasion of appellee's injury it had been raining, and the skids were slightly wet. The men were directed to their places about the truck by Cunningham, appellee taking his place in the rear between the skids in conformity to Cunningham's order. The truck was put in motion and forced more than two-thirds of the way up the skids where it stopped and began slipping back; whereupon, while appellee was exerting his strength in pushing at the truck, and without any notice or warning to appellee, Cunningham ordered the men to "get out of the way and let her go." The other men obeyed the order immediately, and the truck at once rushed back and down the skids, striking appellee in the breast, precipitating him backward to the track, his arm falling across a skid, where it was run over by the truck, and crushed. Appellee had no warning or knowledge that said order would be given by Cunningham, and could not escape from between the skids, or from the descending truck, after it was given. The other men could have held the truck until appellee could have escaped from between the skids if they had been requested or ordered by Cunningham so to do. Appellee and the said other men engaged with him in attempting to load said truck, were, at the time and place of appellee's injury, bound to conform, and were conforming to the orders of Cunningham in all things respecting the loading and letting go of said truck. Appellee was without fault.

Appellant's demurrer to the complaint was overruled, also its motion for *venire de novo*, for judgment in its favor on the special verdict, and for a new trial. Error is assigned upon each ruling of the court; but the special verdict fully supports the averments of the complaint, and the only proposition discussed relates to the plaintiff's right to recover under the averments of his complaint, and the verdict returned in support thereof. The discussion centers around the second subdivision of §1, Acts 1893, p. 294; §7083 Burns 1894, §5206s Horner 1897, commonly known as the Employers Liability Act, which is in these words: "That every railroad

or other corporation, except municipal, operating in this State, shall be liable in damages for personal injury suffered by any employe while in its service, the employe so injured being in the exercise of due care and diligence in the following cases: * * * Second, Where such injury resulted from the negligence of any person in the service of such corporation, to whose order or direction the injured employe at the time of the injury was bound to conform, and did conform."

The question we have here is not to be controlled by the general doctrine of fellow servants, or of assumed risks; hence, the cases cited by appellant upon these questions can not be accepted as authorities in the case at bar.

The statute above set out is clear and free from ambiguity. We can not interpret it. We may only read it. *Bradbury* v. *Wagenhorst*, 54 Pa. St. 180; *Ezekiel* v. *Dixon*, 3 Ga. 146; *Barstow* v. *Smith*, Walker (Mich.) 394; *Noble* v. *State*, 1 Iowa, 325; *Rosenplaenter* v. *Roessle*, 54 N. Y. 262; *Scott* v. *Reid*, 35 U. S. (10 Pet.) 522; Black's Intp. L. p. 35; Sutherland's Stat. Const. §234. It provides that when an injury results from the negligence of any person in the service of a corporation, to whose orders the injured party at the time was bound to conform and did conform, the injured party being himself without fault, the corporation shall be liable. The statute places the case upon a principle different from that in support of the co-servant's rule and the assumption of risk. The test here is threefold: (1) Was the offending servant clothed by the employer with authority to give orders to the injured servant that the latter was bound to obey? (2) Did the injury result to the latter from the negligence of the former while conforming to an order of the former that the injured servant was, at the time, bound to obey? (3) Was the injured party at the time of injury in the exercise of due care and diligence? If these three things concur, appellee exhibits a good cause of action.

The complaint charges that the defendant is a railroad corporation; that the plaintiff and one Cunningham were, at the time of plaintiff's injury, employes of the defendant; that Cunningham at the time, as a part of his duty and service to the defendant, had the control and management of the servants of the defendant as a foreman in the work of loading trucks; that the plaintiff and other employes so engaged were subject to the orders and control of said Cunningham, and were at the time bound to conform and did conform to the orders of Cunningham in all things pertaining to the loading of said trucks; that the plaintiff and said other employes took their places about the truck, the plaintiff in the rear and between the skids, in conformity to the order of Cunningham; and, while so conforming to said order, and while in the exercise of due care and diligence, and when the truck was two-thirds the way up the skids, the plaintiff was injured by the negligence of Cunningham in giving orders to those pushing at the truck to loose the truck and "let her go," without giving the plaintiff warning or an opportunity to escape. These averments are all established by the special findings of the jury. And the jury also finds that the other men might and would have held the truck long enough for the plaintiff to have safely escaped if they had been requested or ordered by Cunningham to do so.

In this case the plaintiff was in a dangerous place in obedience to the orders of Cunningham, whom he was at the time bound to obey, and, without giving the plaintiff warning or a chance to escape, as he might, and ought to have done, Cunningham ordered the men to loose the truck. The men instantly obeyed, as they were bound to do, and thus precipitated the truck upon the plaintiff, crushing his arm. The order to loose the truck was the proximate cause of plaintiff's injury. And it was both directing the plaintiff into a dangerous situation, that he was thus bound to enter, and then ordering the truck turned loose upon him without warning that constitutes the actionable wrong. See *Wild* v. *Way-*

*good,* L. R. 1 Q.. B. (1892), 783; *Wright* v. *Wallis,* 3 Times Law Rep. 779; *City Council* v. *Harris,* 101 Ala. 564.

The second subdivision of section one, *supra,* is not nullified by the specification and enumeration contained in subdivision four of said section, as is urged by appellant. Both subdivisions are equally parts of the same section, and relate to the same subject-matter. Each subdivision specifies different employes, but in common they distinguish employes of a superior rank—employes clothed with responsibility and authority of the employer—and both must be governed by the same rules of interpretation. The section must be construed as a whole. Black's Intp. Laws, p. 146. The facts found bring this case within the spirit and letter of the statute.

We find no error in the record.

Judgment affirmed.