## THACKER *v.* CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY.

[No. 19,614.   Filed June 20, 1902.]

MASTER AND SERVANT.—*Employers Liability Act.—Common Law Liability.—Railroads.*—The provision of subdivision four of §7083 Burns 1901 making railroad companies or other corporations, except municipal, liable for damages for personal injuries to employes caused by the negligence of a fellow servant, the fellow servant at the time acting in the place and performing the duty of the corporation in that behalf, and the person so injured obeying or conforming to the order of some superior at the time of such injury, having the power to direct, is the mere enactment of a liability which already existed at common law, and limits the common law right of recovery to persons injured while obeying or conforming to the order of some superior at the time of the injury having power to direct. *pp., 84–87.*

SAME.—*Fellow Servant.*—A section foreman in transporting section-hands to and from work on a hand-car is a fellow servant with the section-hands. *p. 87.*

SAME —*Negligence.—Complaint.*—A complaint against a railroad company by a section-hand for personal injuries sustained while being transported to work on a hand-car, caused by the sudden stopping of the car in response to a signal given by the section foreman, is insufficient, where no facts showing negligence on the part of the foreman are alleged. *pp. 87–91.*

SAME.—*Employers Liability Act.—Fellow Servant.*—A railroad company is not liable under the third subdivision of §7083 Burns 1901, for the injury of an employe resulting from the act of a fellow servant done in response to an instruction given by one delegated with authority of the corporation in that behalf, where the order was a proper one, but negligently performed by the fellow servant. *pp. 87–91.*

SAME.—*Employers Liability Act.*—A complaint against a railroad company by an employe for personal injuries sustained in being thrown from a hand-car which avers that the section foreman negligently ordered the brakemen to stop the car when the same was going at a speed of twenty miles an hour, without giving

Thacker *v*. Chicago, etc., R. Co..

plaintiff notice, and that the brakemen complied with the order, and stopped the car suddenly, as it was their duty to do, and plaintiff was thereby thrown from the car and injured, states a cause of action within the meaning of the second subdivision of §7083 Burns 1901. *pp. 91–94.*

From Monroe Circuit Court; *W. H. Martin*, Judge.

Action by Charles Thacker against the Chicago, Indianapolis and Louisville Railway Company for damages on account of personal injuries sustained. From a judgment for defendant on demurrer to complaint, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*W. E. Hottle, J. R. East* and *R. H. East,* for appellant. *E. C. Field* and *W. S. Kinnan,* for appellee.

Monks, J.—Complaint by appellant for personal injuries, in four paragraphs. Demurrer to each paragraph for want of facts sustained. Appellant refusing to plead further, judgment was rendered against him. The assignments of error not waived call in question the action of the court in overruling the demurrer to the first, second, and fourth paragraphs of the complaint.

Appellant was a section man engaged in the line of his duty with an extra gang of men running a hand-car to Bryfogle, a station on appellee's road. One McGill was section foreman, and had ordered the men to make this trip for the purpose of doing work at said place. Appellant and the other men in the gang were working under the orders of said foreman. It required two hand-cars to carry the men. Appellant, with others, was riding on the front hand-car, and following this was another hand-car on which the foreman and other laborers were riding. The front car, on which appellant was riding, had two men who acted as brakemen, and who could check, stop, or control the movement of the hand-car by pressing their feet on a brake; that it was the duty of said brakemen, when the signal was given by the foreman, McGill, to put on or take off the brake and otherwise control said car. In addition to the above, it is alleged

in the first paragraph of the complaint that in approaching Bryfogle they were going down grade at a speed of fifteen or twenty miles an hour, when "McGill gave a signal to said brakemen to stop; that it was the duty of said brakemen, and each of them, when said signal to stop was given, to notify those on the car of said signal, and give them time to catch hold of something, or stay themselves in some way, but that when said signal to stop was given said brakemen, without giving any warning or notice of any kind, or before any warning or notice could be given, said brakemen at once threw on the brake in a careless and reckless manner, bringing said car to such a sudden stop that appellant was pitched violently forward off said hand-car" and injured.

Appellant says this action was brought under the employer's liability act, and that the first paragraph is founded on the fourth subdivision of §7083 Burns 1901, §5206s Horner 1901, which reads as follows: "That every railroad * * * shall be liable for damages for personal injuries suffered by any employe while in its service, the employe so injured being in the exercise of due care and diligence * * *. Fourth. Where such injury was caused by the negligence of *any person in the service of said corporation who has charge of any signal, telegraph office, switch yard, shop roundhouse, locomotive engine or train upon a railway,* or where such injury was caused by the negligence of any person, co-employe, or fellow servant engaged in the same common service in any of the several departments of the service of any such corporation, the said person, co-employe or fellow servant, at the time acting in the place, and performing the duty of the corporation in that behalf, and the person so injured, obeying or conforming to the order of some superior at the time of such injury, having authority to direct."

Appellant concedes that said first paragraph would be bad at common law, because it shows that his injury was caused by the negligence of the brakemen, his fellow serv-

ants, but insists that the same is sufficient under that part of said subdivision not in italics.

At common law a master owes certain duties to his servants which concern their safety, and if he intrusts such duties to one of his servants, who negligently performs the same, by reason of which another servant is injured without his fault, the master is liable therefor, because the servant to whom such duties are intrusted is, in the performance thereof, a vice principal, and not a fellow servant. A vice principal, therefore, is one who represents the master in the discharge of those duties which the master owes to his servants. If, however, the servant whose negligence caused the injury was not at the time discharging a duty which the master owed to his servants, but simply a duty which the servant owed to the master, he was a fellow servant with others engaged in the common business, and the master would not be liable for any injury inflicted upon such fellow servants by reason of his negligence. *Justice* v. *Pennsylvania Co.,* 130 Ind. 321, 325, and cases cited; *Hodges* v. *Standard Wheel Co.,* 152 Ind. 680, 687, 688, and cases cited; *Robertson* v. *Chicago, etc., R. Co.,* 146 Ind. 488; *Mitchell* v. *Robinson,* 80 Ind. 281, 284, 41 Am. Rep. 812; *Krueger* v. *Louisville, etc., R. Co.,* 111 Ind. 51, 52; *Brazil, etc., Co.* v. *Young,* 117 Ind. 520, 522; 12 Am. & Eng. Ency. Law (2d ed.), 946, 948.

In this State there is a clear distinction between a superior servant and a vice principal. A superior servant is generally one who has authority to direct and control other servants, and may or may not be charged with any of the duties which the master owes his servants. Whether or not one is a vice principal does not in any way depend upon his rank. *Justice* v. *Pennsylvania Co., supra; Hodges* v. *Standard Wheel Co., supra; Robertson* v. *Chicago, etc., R. Co., supra;* 12 Am. & Eng. Ency. Law (2d ed.), 948, 949.

Before the passage of said act, it was held as to most, if not all, of the persons described in that part of said fourth subdivision printed above in italics, for whose negligence railroads are made liable, that they did not perform any duty which a railroad owed its servants, and that they were, therefore, mere fellow servants, for whose negligence railroads were not liable. That part of said subdivision has, therefore, enlarged liabilities of railroads. *Baltimore, etc., R. Co.* v. *Little,* 149 Ind. 167; *Indianapolis Union R. Co.* v. *Houlihan,* 157 Ind. 494, 499, 54 L. R. A. 787.

It is evident, however, that the part of said subdivision upon which appellant bases his first paragraph of complaint only makes railroads liable for the negligence of such persons as are performing duties which it owes its servants in certain cases. Such persons were vice principals, and employes injured by their negligence in the discharge of such duties could recover therefor before said act was passed. It is clear that such part of said subdivision is the mere enactment of a liability which already existed at common law, and that the class of vice principals was not increased thereby. It is not as broad as the common law liability, because the right to recover is limited to persons injured while obeying or conforming to the order of some superior at the time of the injury having power to direct. The right to recover for injuries caused by the negligence of vice principals is not so limited at common law. It follows that if said appellant's first paragraph of complaint is not good at common law, which he concedes it is not, it is not good under the part of said fourth subdivision, upon which he claims it is founded.

It was held by this court in *Justice* v. *Pennsylvania Co.,* 130 Ind. 321, 325, 326, that a section foreman of a railroad having power to employ and discharge section-hands is a vice principal when employing and discharging such employes, but that he was a fellow servant in his control of such men after their employment. The court said in that

case: "That a section foreman may be a vice principal is not doubted. In this case he was a vice principal in the matter of hiring and discharging hands, for the master owes it as a duty to exercise reasonable care not to employ any but careful men, and to discharge those who prove to be negligent. In the hiring and discharging of the men he was in the performance, therefore, of a duty which the master owed to his servants and was, while so engaged, a vice principal. But it was not so in transporting the men to and from their work. In the matter of moving the hand-car and their tools to and from the locality at which they worked upon the track, they were in the discharge of a duty which they owed the master and were, therefore, fellow servants. *Wilson* v. *Madison, etc., R. Co.,* 18 Ind. 226; *Ohio, etc., R. Co.* v. *Tindall,* 13 Ind. 366, 74 Am. Dec. 259; *Slattery* v. *Toledo, etc., R. Co.,* 23 Ind. 81; *Sullivan* v. *Toledo, etc., R. Co.,* 58 Ind. 26; *Gormley* v. *Ohio, etc., R. Co.,* 72 Ind. 31; *Robertson* v. *Terre Haute, etc., R. Co.,* 78 Ind. 77, 41 Am. Rep. 552; *Indiana Car Co.* v. *Parker,* 100 Ind. 181; *Pittsburgh, etc., R. Co.* v. *Adams,* 105 Ind. 151; *Boyce* v. *Fitzpatrick,* 80 Ind. 526; *Capper* v. *Louisville, etc., R. Co.,* 103 Ind. 305."

Even if McGill, the foreman, in giving the signal to stop the hand-car was performing a duty which the master owed its servants, and was, as to the same, a vice principal, yet no liability is shown by the allegations of said first paragraph, because no facts showing negligence on the part of said foreman are alleged therein. The court did not err in sustaining the demurrer to the first paragraph of complaint.

The second paragraph alleges the same facts as the first, but charges that the foreman, "McGill, gave the signal to said brakemen to put on brakes; that the brakemen in obedience to the particular instruction given by said foreman, McGill, who was delegated with the authority of the corporation in behalf of said company, put on the brakes, and brought the car to such a sudden stop that appellant was

pitched violently out of said car" and injured. "That said injury resulted from the act of said brakemen done in obedience to the particular instruction given by said McGill, who was delegated with the authority of the corporation in that behalf."

Appellant insists that said paragraph is sufficient under that part of the third subdivision of said §7083 Burns 1901, §5206s Horner 1901, which is as follows: "Where such injury resulted from the act or omission of any person done or made * * * in obedience to the particular instructions given by any person delegated with the authority of the corporation in that behalf." Said subdivision 3 is the same as clause 4 of §1 of the English employer's liability act of 1880, and clause 4 of §2590 of the Alabama employer's liability act of 1885.

What is obedience to particular instructions was considered in *Whatley v. Holloway*, 6 Times L. Rep. 190, 62 Law T. Rep. (N. S.) 639, 54 Just. P. 645, decided in 1890. In that case one Ancliffe was employed by the defendant to attend to an engine and boiler. His duty was also to assist the plaintiff in working a circular saw, in doing which he was instructed not to neglect the engine. At the time of the accident Ancliffe and the plaintiff were at work with the saw; the plaintiff feeding it with wood, Ancliffe at the other end receiving the wood as it came from the saw, and holding the same so as to steady it. A noise being heard from the engine indicating that it required attention, Ancliffe let go the piece of wood he was holding, without warning. The result was that the piece of wood the plaintiff was holding was rendered unsteady, and the plaintiff's hand was knocked against the saw and injured. The jury found a verdict for the plaintiff, with £40 damages. The question was whether, under said subdivision 4, there was an act or omission done or made in obedience to particular instructions. The plaintiff contended that the instruction to Ancliffe not to neglect the engine was a particular in-

Thacker v. Chicago, etc., R. Co.

struction, obedience to which caused the accident. Defendant's contention was that no particular instruction within said subdivision had been given, and if the instruction was held to be a particular one, that Ancliffe's act was merely the negligent act of a fellow servant, and not done in obedience to the instruction. On appeal, the divisional court was in favor of defendant's contention that the instruction given to Ancliffe was not a particular instruction within the meaning of the statute. For the purposes of the case, however, the court assumed that it was, and said, in substance, that the instruction to Ancliffe was not to neglect the engine; that this meant that he was to attend to the engine with due regard to the safety and lives of others, and not that he should look after the engine at all hazards without regard to the safety of others; that the instruction was a reasonable one; that the engine was to be Ancliffe's first care, at the same time leaving his other work in a proper and reasonable manner. If Ancliffe had waited a few seconds and given plaintiff notice before leaving, that would not have been a disobedience to the instruction. Therefore, Ancliffe was not required by the instruction to do as he did. "The injury, therefore, was caused here, not by Ancliffe's obedience but by his disobedience to his instructions." Judgment was accordingly rendered for the defendant. This was affirmed in the court of appeal where Lindley, L. J. in *Whatley* v. *Holloway,* 6 Times L. Rep. 353, 354, said: "No doubt Ancliffe was required to attend to the engine, but the instruction did not require him, when it was necessary to attend to the engine, to leave the saw without giving his mate notice. It was impossible to construe Ancliffe's instructions as involving this, that he must go away without giving notice to the plaintiff." This was the construction given said subdivision in 1890 by the English courts long before the same was reënacted in this State in 1893, as subdivision 3 of §1 of the employer's liability act. *City of Laporte* v. *Gamewell, etc., Co.,* 146 Ind.

466, 469, 35 L. R. A. 686, 58 Am. St. 359; *Hilliker* v. *Citizens St. R. Co.,* 152 Ind. 86, 88, and authorities cited; *Board, etc.,* v. *Conner,* 155 Ind. 484, 496, and authorities cited.

In the second paragraph, the right of McGill to give the signal to stop the hand-car, and that it was given in a proper manner, is not questioned. Said signal, if it may be called an instruction within the meaning of said subdivision, did not require the brakemen to stop the hand-car in such a manner as to endanger the lives of the persons riding thereon, but that they should stop the car with a due regard to the safety of the persons mentioned. It is evident that, if the brakemen in response to the signal to stop had stopped the hand-car with a due regard to the lives of the persons on the car, and without injuring them, it would not have been a disobedience to such signal. Said signal did not require the brakemen to stop the car in the manner they did. The injury was therefore caused not by the brakemen's obedience, but by their disobedience to McGill's signal, as was said in *Whatley* v. *Holloway,* 6 Times L. Rep. 190, 62 Law T. Rep. (N. S.) 639, 54 J. P. 645; and said second paragraph is not, therefore, sufficient under said subdivision 3. *Laughran* v. *Brewer,* 113 Ala. 509, 518, 21 South 415. It is not necessary, therefore, to determine whether or not the signal given by McGill to the brakeman to stop the car was a particular instruction, or whether or not he was delegated with the authority of the railroad in that behalf, within the meaning of said subdivision 3.

Appellant contends that the fourth paragraph of complaint is sufficient under the second subdivision of §7083 Burns 1901, §5206s, Horner 1901, which is as follows: "Where such injury resulted from the negligence of any person in the service of such corporation, to whose order or direction the injured employe at the time of the injury was bound to conform, and did conform." This subdivision is substantially the same as subdivision 3 of §1 of the

English employer's liability act of 1880, and the Alabama employer's liability act of 1885.

Appellee insists that no negligence is charged against McGill as foreman, in said fourth paragraph, and that, before appellant can recover under said subdivision 2, "the injury must have resulted (1) from the negligence of one clothed with authority to give the order to the injured servant; and (2) the injured employe must, at the time, have been conforming to such negligent order, and conforming because he was bound to do so; that no negligent order was given appellant. The case is simply one of a proper order given in a proper way, and, through the negligence of fellow servants of appellant in the execution of the order, his injury resulted."

Counsel for appellee are incorrect in their claim that the fourth paragraph of complaint does not charge any negligence against McGill, but only shows that the injury was caused by the negligence of the brakemen. Said fourth paragraph is the same as the first, except it is expressly averred that "McGill, the section foreman, negligently gave the brakemen on the front hand-car the signal to stop the front hand-car suddenly and quickly when the same was going at the speed of twenty miles per hour, without giving appellant and the other persons on the front of said car notice thereof; and that said brakemen complied with said signal and stopped said car suddenly and quickly, as it was their duty to do, and thereby appellant was thrown violently from the car and injured; that the obedience to said order so to stop said car would necessarily cause said car to stop suddenly, and would endanger the life and limb of this appellant and others so stationed on said front car; and so to stop said car while running at the rate of twenty miles per hour was calculated greatly to increase the danger and hazard to appellant, which said McGill well knew, and did increase the danger and hazard to him, and by reason of giving said order as herein set out appellant received his

injuries; that he had no notice or knowledge, and no means of knowing, said hand-car was to be stopped when it was, or that such order to stop was or would be given by said McGill, section foreman."

It is also alleged in said paragraph that "McGill, section foreman, ordered said extra gang of men, including appellant, to go on hand-cars over appellee's track to meet a gravel train for the purpose of unloading the gravel from the cars of said train; that appellant, in obedience to the orders of said McGill, in company with eight others of said extra gang, got on one hand-car, and McGill and the others of said extra gang got on another hand-car, and started to meet said gravel train;" that appellant was bound to conform, and did conform, to said order of McGill, section foreman, in going upon said hand-car to meet said gravel train.

It is true, as a general rule, that a section foreman, in giving such signal, has the right to assume that the brakemen will obey the same intelligently, having a due regard to the safety of themselves and others; that they will execute such signals in such manner and with such precaution as not to endanger the life or limb of anyone, if that can reasonably be done without disobedience to the order. If it was the duty of the brakemen, when the signal to stop was given by McGill, to notify those on the car with them of such signal, in order to give them an opportunity to protect themselves, and the failure to give such notice, or any other negligence on the part of the brakemen who, under the circumstances, were the fellow servants of appellant, caused the injury, appellee was not liable. It is alleged, however, that the injury complained of was caused by the negligence of the section foreman.

It is not necessary, as was held by this court in *Louisville, etc., R. Co.* v. *Wagner,* 153 Ind. 420, that the "order or direction in said subsection be negligent, but it is sufficient if the employe was bound to conform and was con-

forming at the time of the injury to the order or direction
of the person whose negligence caused the injury." Ruegg,
Employer's Liability (5th ed.), 106, 107; Beven, Employer's Liability (2d ed.), 152-161; Dresser, Employer's
Liability, 308; *Wild* v. *Waygood* (1892), 1 Q. B. 783, 8
Times L. Rep. 410, 61 L. J. Q. B. 391.

The question as to what kind of orders and directions is
referred to in subdivision 2, and the connection that must
exist between such "order or direction" to which the injured employe is bound to conform and is conforming when
injured, and the negligence of the person giving such order
or direction, is discussed to some extent in the following
authorities: Ruegg, Employer's Liability (5th ed.), 98-
105; Beven, Employer's Liability (2d ed.), 152-161;
Dresser, Employer's Liability, §§64-68, pp. 295-310;
*Louisville, etc., R. Co.* v. *Wagner, supra; Snowdon* v.
*Baynes,* L. R. 24 Q. B. D. 568, 59 L. J. Q. B. 325; *Wild*
v. *Waygood, supra; Mobile, etc., R. Co.* v. *George,* 94
Ala. 199, 218, 219, 10 South. 145; *Birmingham, etc., R.
Co.* v. *Gross,* 97 Ala. 220, 226, 227, 12 South. 36; *Mary
Lee, etc., Co.* v. *Chambliss,* 97 Ala. 171, 176, 11 South.
897. See, also, *Dantzler* v. *DeBardeleben, etc., Co.,* 101
Ala. 309, 14 South. 10, 22 L. R. A. 361.

It was said in *Louisville, etc., R. Co.* v. *Wagner, supra,*
p. 424: "The order to loose the truck was the proximate·
cause of the plaintiff's injury. And it was both directing
the plaintiff into a dangerous situation, that he was thus
bound to enter, and then ordering the truck turned loose
upon him without warning that constitutes the actionable
wrong. See *Wild* v. *Waygood, supra; Wright* v. *Wallis,* 3
Times L. Rep. 779; *City Council* v. *Harris,* 101 Ala. 564,
14 South. 357."

We have only considered the objections to the fourth
paragraph of complaint urged by appellee, as stated above,
and it is clear that they are not tenable. The judgment is,
therefore, affirmed as to the first, second, and third para-

graphs of complaint, and reversed as to the fourth, with instructions to overrule appellee's demurrer thereto, and for further proceedings not inconsistent with this opinion.