Roberts and wife vs. Lovell.

## Roberts and wife vs. Lovell.

PLEADING: SLANDER. *Complaint in slander: Omission of essential direct averment, by clerical mistake.*

1. A complaint in an action for slander which fails to charge directly that the defendant spoke the alleged slanderous words, is fatally defective; and, although the omission is the result of a mere clerical mistake, the court cannot, on appeal, supply it by inference or presumption.

2. The complaint alleges that on a specified day, "when the slanderous words hereinafter mentioned were spoken by defendant," plaintiffs were husband and wife; and that on said day, at a specified place and in the presence and hearing of persons named, "maliciously spoke of and concerning" the female plaintiff, certain false and defamatory words, which are recited, with a proper *innuendo*. The words "the defendant," or other equivalent words, were not found before the words "maliciously spoke." *Held*, that the words first above quoted are a mere *recital*, and, as the complaint contains no *averment* that the defendant spoke the slanderous words, there was no error in rejecting all evidence in its support.

APPEAL from the Circuit Court for *Dodge* County.

The complaint originally contained two counts; but when the cause was called for trial, the plaintiffs abandoned the first count, leaving only the second, the material portion of which is as follows:

"And for a further and second cause of action, the plaintiffs allege that they are husband and wife, and were so on the 21st day of June, 1873, when the slanderous words hereinafter mentioned were spoken by the defendant, and had been husband and wife for more than three years previous to that day; and that on the said 21st day of June, 1873, at the town of Hustisford, in the said county of Dodge, in the presence and hearing of John Habel and Sophia Habel, who are the parents of the plaintiff *Caroline Roberts*, maliciously spoke of and concerning the plaintiff *Caroline Roberts*, the false and defamatory words following: 'Your eldest girl' (meaning the plaintiff *Caroline Roberts*) 'is a damned whore. David Barber paid her five hundred dollars for having made a baby.'" etc.

It is unnecessary to set out the remainder of the count. The defendant answered a general denial. On the trial, and before any testimony had been received, the defendant objected to the introduction of any evidence under the complaint, "for the reason that it appears upon the face thereof that it does not state facts sufficient to constitute a cause of action." The objection was sustained; the plaintiff's counsel excepted to the ruling, and declined to amend the complaint; and judgment of dismissal, etc., was entered; from which the plaintiffs appealed.

*L. T. Fribert*, for appellants, argued that words charging a married woman with being a whore are actionable *per se*, as, being construed in their natural and obvious sense, they impute to her the crime of adultery (*Ranger v. Goodrich*, 17 Wis., 78; *Montgomery v. Deeley*, 3 id., 709); that such words spoken of an unmarried woman, even, are actionable, and the innuendo in the complaint that the defendant intended by the words

Roberts and wife vs. Lovell.

spoken to charge the crime of adultery, might be rejected as surplusage. R. S., ch. 170, sec. 4, and ch. 183, sec. 3 ; *Mayor v. Schleichter*, 29 Wis., 646 ; Starkie on Slander, pp. 393, 426–430, and cases cited ; *Filber v. Dauterman*, 26 Wis., 518 ; *Langton v. Hagerty*, 35 Wis., 150 ; *Benaway v. Conyne*, 3 Chand., 214. As to the failure of the complaint to charge directly that the defendant spoke the alleged slanderous words, he contended that the omission was supplied by the recital, " when the slanderous words, etc., *were spoken by the defendant*," and by the further allegation that the plaintiffs had sustained damages by the speaking of those words, for which they demanded judgment against the *defendant.* Counsel stated at the same time that the omission was simply a clerical mistake, and not noticed until after the dismissal of the action, and that it should be disregarded, especially as the defendant had made his objection on the trial, and not by demurrer. *Smith v. Armstrong*, 25 Wis., 517 ; Starkie on Slander, 428.

*Mariner, Smith & Ordway*, for respondent, claimed that the complaint was defective in four particulars : 1. It did not state directly and positively that the slanderous words were spoken by the defendant. It was only by way of inference that the court was advised of the charge made against him ; and as the plaintiff had declined to amend, the court would not supply an omission even from obvious oversight. Stephens' Pl., 243, 377 ; Moak's Van Santv. Pl., 163 ; 1 Chitty's Pl., 228, 280 ; *Rex v. Howe*, Cowp., 683 ; *Rogers v. City of Milwaukee*, 13 Wis., 610 ; *Abendroth v. Boardley*, 27 id., 585 ; *Upton v. Pinfold*, 1 Comyn's R., 268 ; Townshend on Libel, 196, 255, n ; *Harris v. Harris*, 10 Wis., 467 ; *Gundry v. Whittlesey*, 19 id., 211 ; *Dix v. Palmer*, 5 How., 233 ; *Janes v. Kirkpatrick*, id., 241 ; *K. v. H.*, 20 Wis., 239 ; *Eilert v. Oshkosh*, 14 id., 586 ; 5 id., 629, Dixon's notes ; *Smith v. Weage*, 21 id., 440 ; *Smith v. Whitney*, 22 id., 438 ; *Riley v. Riley*, 34 id., 374. 2. The complaint alleged the words to have been spoken of the " eldest girl " of the parties to whom or in whose presence they were uttered,

but did not show that the plaintiff sustained to them that rela-
tion; a mere innuendo that the plaintiff was meant, was
insufficient. *Carter v. Andrews*, 16 Pick., 9; *Joralemon v.
Pomeroy*, 2 Zabr., 271; *Maybee v. Fisk*, 42 Barb., 327; *Titus v.
Follett*, 2 Hill, 318; Townshend on Slander, §§ 335, 336, et seq.;
*Langton v. Hagerty*, 35 Wis., 150. 3. The alleged defama-
tory words do not in themselves import a charge of adultery,
as they do not show the plaintiff to have been a married
woman at the time referred to; nor are there any averments to
demonstrate that such a charge was intended, or was so under-
stood by the bystanders. The plaintiffs, however, are bound
by the innuendo to that effect in the complaint, and cannot
say now that it was intended by such words to charge her with
incontinence simply. *Gompertz v. Levy*, 9 Ad. & Ell., 282 (36
E. C. L. 140); *Wheeler v. Hayner*, id., 141; *Smith v. Easey*, 3
Campb., 460; *Oldham v. Peck*, 2 W. Bl., 959; *Penfold v. West-
cote*, 2 Bos. & Pul. N. R., 335; *Hunter v. Sharp*, 4 Foster & F.,
983; *Butler v. Wood*, 10 How. Pr., 222; *Wilson v. Beighler*, 14
Iowa, 427; Townshend on Libel, §§ 308 and n., 168 and 338;
Starkie on Slander, 44. 4. The words alleged as defamatory
were not actionable *per se* at common law, and become so only
where the acts charged are punishable as crimes or misdemean-
ors; and the complaint does not show that such acts were
alleged to have been committed by the plaintiff while a resi-
dent of this state or of any state where they were so punishable.
Heard on Libel, 46; *Ayre v. Craven*, 2 Ad. & Ell., 2; *Evans
v. Gwynne*, 5 Q. B., 844; *Bundy v. Hart*, 46 Mo., 460 (2 Am.
R., 525); *Hull v. Augustine*, 23 Wis., 386; *Wells v. Haskins*,
5 Ired., 177; *Rape v. Heaton*, 9 Wis., 328; *Walsh v. Dart*, 12
id., 635; *Fellows v. Menasha*, 11 id., 558; *Butler v. Wood*, 10
How., 222; Van Santv. Pl., 212; Townshend on Libel, §§ 159
and n. 6, 172.

LYON, J. It is too clear for argument or controversy, that
a complaint in an action for slander which does not aver that

Roberts and wife vs. Lovell.

the defendant spoke the alleged slanderous words, fails to state a cause of action. This complaint alleges that the plaintiffs were husband and wife on a certain day, " when the slanderous words hereinafter mentioned were spoken by the defendant," and then proceeds to charge that certain slanderous words were spoken on that day of and concerning the plaintiff wife; but it fails to state, directly and positively, by whom they were spoken. The words above quoted are a mere recital, not an averment of fact. They show that the pleader had it in his mind, when he inserted them in the complaint, to aver in a subsequent portion of the pleading that on the day mentioned the defendant spoke certain slanderous words of and concerning the plaintiff *Mrs. Roberts*. Having failed so to aver, there is nothing in the pleading to which the recital can be referred. It is therefore inoperative, and necessarily goes for naught.

Suppose this complaint was verified by some person, and suppose it could be proved that the person who verified it knew that the defendant never uttered or spoke the slanderous words set out in the complaint. Could such person be convicted of perjury assigned on such verification? Clearly not. And the reason why he could not be so convicted is, that he has not sworn that *the defendant* spoke the words in question, but only that such words had been spoken. This is a very fair test of the sufficiency of the complaint, although perhaps it is not absolutely conclusive. We see no way of escape from the conclusion that the complaint is fatally defective, and that the circuit court properly excluded the evidence, and, on the refusal of the plaintiffs to amend, properly dismissed the action. We regret that we are forced to this conclusion, because, as we are informed, the omission to charge that the defendant spoke the words was a clerical mistake, not discovered until the action had been dismissed. But the omission is vital, and we cannot lawfully supply the averment by inference or presumption.

*By the Court.* — The judgment is affirmed.