Filed May 27, 1895.

———————◆———————

No. 17,300.

PORTER, TRUSTEE, *v.* THE STATE, EX REL. DUNKLEBERG, JR.

EXEMPTION FROM WORK ON HIGHWAYS.—*Member of Fire Company.*— *Mandate to Compel Issuance of Certificate of Exception by Township Trustee.*—*Proof of Articles of Association.*—In an action by way of mandamus proceedings to compel a township trustee to issue to plaintiff a certificate of exemption from work on public highways, on the ground that he is a member of a fire company, there can be no recovery where there is no evidence that the original articles of association were ever filed in the recorder's office of the county; and even if it were admitted that the original articles of association had been filed in the office of the recorder, that would only relieve plaintiff of the necessity of showing that the same were filed, and not of the necessity of giving in evidence either the articles of association filed, the record of the same, or a certified copy thereof.

From the Cass Circuit Court.

*J. C. Nelson, Q. A. Myers, M. D. Fansler* and *M. F. Mahoney,* for appellant.

*D. C. Justice* and *M. B. Lairy,* for appellee.

MONKS, J.—This action was brought to compel appellant, a township trustee, by writ of mandamus, to issue to appellee's relator a certificate exempting him from

working on the public highways, on the ground that he was a member of a fire company.

An alternative writ was issued, to which a demurrer was sustained, and an appeal was taken to this court, where the same was reversed. *State, ex rel.,* v. *Porter, Trustee,* 134 Ind. 63.

When the case was returned to the court below four paragraphs of answer were filed, the first of which was a general denial. A demurrer to each paragraph of answer, except the first, was filed and sustained to the third and overruled to the second and fourth. Appellee thereupon filed a reply; the cause was tried by jury and the court directed a verdict for appellee. Over a motion for a new trial, final judgment, awarding the peremptory writ, was rendered.

The only error urged is that the court erred in overruling appellant's motion for a new trial.

Among the causes assigned for a new trial were the following:

First. The verdict is contrary to the evidence.

Second. The verdict of the jury is contrary to law.

Third. The verdict of the jury is not sustained by sufficient evidence.

Fourth. The court erred in directing the jury to return a verdict for appellee.

Fifth. The court erred in refusing to give each of instructions numbered 1, 2, 3, 4, 5, 6 and 7, requested by appellant.

The exemption was claimed by appellee's relator under the provisions of section 6823, R. S. 1894 (E. S. 1551), Acts 1883, page 664, which is as follows:

"On application to the township trustee, any person liable to work on highways may be exempt therefrom if it be shown that he is unable from bodily infirmities to work thereon, and that he is too poor to pay the commu-

tation therefor; also, any person belonging to any legally organized fire company; and, in such cases, the township trustee shall execute to such person a certificate thereof, which shall, on being presented to the supervisor, entitle him to such exemption.''

To entitle the appellee to a verdict, under the issues in this case, it was necessary to prove that the relator belonged to a legally organized fire company, as alleged in the complaint and alternative writ. *Kaiser* v. *Lawrence Savings Bank*, 56 Iowa, 104, 41 Am. Rep. 85; *Hurt* v. *Salisbury*, 55 Mo. 310; *Bigelow* v. *Gregory*, 73 Ill. 197.

The general rule is that one asking a privilege conferred by statute must show himself within the statute. *Goodwin* v. *Smith*, 72 Ind. 113.

On the former appeal this court said: ''If issues were joined in relation to the facts entitling the party to an exemption the person would have to establish such facts by clear proof before he would be entitled to the writ.'' *State, ex rel.*, v. *Porter*, *supra*, pages 65, 66.

It is claimed that the Long Cliff fire company, of which it is alleged relator was a member, was organized in 1892, under section 3502, R. S. 1881 (section 4583, R. S. 1894). At that time no such association could be deemed and held to be legally incorporated until the original articles of association had been filed in the office of the recorder of the county in which it was formed (sections 4584 and 4585, R. S. 1894, sections 2 and 3, Acts 1887, pp. 41 and 43), and duplicates or certified copies of said articles of association had been filed in the office of the Secretary of State. Section 3424, R. S. 1894, Acts 1891, page 392; *Indianapolis Furnace and Mining Co.* v. *Herkimer*, 46 Ind. 142.

To establish the allegation that the fire company was legally organized, as alleged, it was necessary to prove

that the foregoing sections of the statute had been complied with.

All the evidence given in the cause is made a part of the record by bill of exceptions. There was no evidence given at the trial that the original articles of association were ever filed in the office of the recorder of Cass county. Counsel for appellee contend that it was admitted that the articles of association were filed in the office of the recorder of Cass county. The only admission made was that the instrument read in evidence was filed in the office of the recorder of Cass county on January 21, 1892. It appears from the record that the instrument read in evidence purported to be a copy of the original articles of association. If this paper was filed in the recorder's office, as admitted, it would not be a compliance with the requirements of sections 4584 and 4585, R. S. 1894, *supra.*

There is no evidence that any other instrument in regard to the incorporation of said fire company was ever filed in the recorder's office of said county. Even if it had been admitted that the orginal articles of association had been filed in the office of the recorder, that would only have relieved appellee of the necessity of proving that the same were filed, and not of the necessity of giving in evidence either the articles of association filed, the record of the same or a certified copy thereof as provided in section 4584, R. S. 1894, *supra.*

There being no evidence that the original articles of association were filed in the office of the recorder of Cass county, the verdict was not sustained by the evidence, and was contrary to law; and the court erred in directing the jury to return a verdict for appellee, and therefore in overruling a motion for a new trial.

Other alleged errors are discussed by counsel, but it

is not necessary to determine the same for the reason that they may not arise again.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

