## STONE *v.* THE BEDFORD QUARRIES COMPANY.

[No. 19,046.   Filed April 16, 1901.]

MASTER AND SERVANT.—*Personal Injury.—Assumption of Risk.*—
Where plaintiff was employed by a stone company to brace and
chock stones placed on cars by the company so that they would ride
steadily while in process of transportation, he cannot recover for an
injury from a stone falling upon him which was insufficiently
braced, caused by other employes jarring the car in loading stone,
since such risk was assumed by him.

From the Lawrence Circuit Court. *Affirmed.*

*S. B. Lowe, J. R. East* and *R. H. East,* for appellant.
*M. F. Dunn,* for appellee.

DOWLING, C. J.—This was an action for a personal in-
jury. Complaint in three paragraphs. Demurrer to each
paragraph, separately, and to the entire complaint, for want
of facts. Demurrer to whole complaint sustained, and judg-
ment for appellee. The decision upon the demurrer is as-
signed for error.

The tedious and unnecessary prolixity of the complaint
precludes its insertion here. In its twenty-seven pages of
typewritten matter, which could easily have been reduced
to five, it alleges that the defendant was a corporation en-
gaged in the business of quarrying and shipping stone at a
point near Bedford, in Lawrence county, Indiana, and that

the plaintiff was, and for a long time previous had been, employed by it as a carpenter and laborer, his duties consisting chiefly in placing stone in a position for permanent bracing when loaded on cars, and in bracing and chocking stone on cars so that the upright slabs would ride steadily while in process of transportation by rail; that on October 13, 1898, appellant was ordered by the foreman of appellee to place in position and brace for safe transportation a group of stone slabs, eight feet long, four inches thick, and thirty inches wide, which had been loaded upon the north end of a flat car, and temporarily and insufficiently braced in an upright position; that while he was engaged, with his assistants in this work, without notice or warning to him, another lot of stone slabs was, by direction of appellee's foreman, let down upon the south end of the flat car in the ordinary way, and with ordinary force, but which shook and jarred the car so that, because of the insufficient temporary bracing, the stone on the north end of the car, where appellant was at work, fell over upon his leg, breaking it, etc.; that the appellant was without fault; that the injury was due solely to the negligence of the appellee; and that by reason of the injury, appellant sustained damages to the amount of $10,000.

The appellant was employed to perform labor, which from the description given of it in the complaint was hazardous in a single particular. He was required to take groups of slabs of sawed stone, held in an upright position on flat cars by means of slight and temporary supports, and brace them firmly so that they would not fall over while being carried on the cars. The general risk of this employment, from the liability of the upright slabs to fall over before they could be firmly secured by the labor of the appellant, was obvious, and of such a nature that the appellant must be presumed to have contracted for employment with a view to such risk. It was constantly and inseparably incident to the business in which he was engaged, and the fall

of the stones was liable to occur at any time from any jar, shock, or movement of the car, however occasioned. This was the very result which the appellant was employed to prevent. We think it evident that the risk, not only of such accidents but of the various causes which might produce them, was assumed by the appellant.

It is clear from the averments of the complaint that the insufficiency of the temporary bracing, the fact that some of the slabs were broken, and that a slight jar of the car would cause the stones to fall over, were apparent to appellant, and known by him when he entered upon his work on the car. It is also evident that the car was only partially loaded, and that the appellee had the right to, and might, before the appellant completed his work, place other lots of stone upon it. If appellant voluntarily exposed himself to an apparent danger necessarily incident to his employment, he cannot complain if he suffered the natural and probable consequences of such exposure. Whether it was usual to wait until the work of bracing one lot of stone was finished before putting another on the car, or not, made no difference. The employer was under no obligation so to delay the loading of the car, and owed the appellant no such duty. The case was not affected by the act of 1893, nor by the act of February 17, 1899. The three paragraphs contain substantially the same averments. No cause of action was stated in any of them, and the demurrer to the entire complaint was properly sustained. *City of Ft. Wayne* v. *Christie, ante,* 172, and cases cited.

Judgment affirmed.