HALL *v.* THE BEDFORD QUARRIES COMPANY.

[No. 19,051.   Filed April 17, 1901.]

MASTER AND SERVANT.—*Personal Injury.—Incompetent Fellow Servant.—Negligence.* — An employer who negligently or knowingly, employs or retains in his service an incompetent servant is liable for injuries to a fellow servant sustained through the incompetency of the servant so employed or retained, unless the injured servant assumed the risk incident to such incompetency.   *p. 462.*

SAME.—*Personal Injury.—Fellow Servant.—Complaint.*—A complaint by a servant against the master for a personal injury caused by a fellow servant, alleging that the injury resulted to plaintiff because defendant did not exercise reasonable and proper care in selecting a competent servant, and in retaining an incompetent one after his incompetency became known, is sufficient against demurrer. *pp. 462, 463.*

SAME.—*Incompetent Fellow Servant.—Assumption of Risk.—Complaint.*—Where a complaint in an action against the master for a personal injury caused by the alleged incompetency of a fellow servant averred that the incompetency of the fellow servant was unknown to plaintiff, it cannot be said that plaintiff assumed the risk incident to such incompetency.   *p. 463.*

SAME. — *Incompetent Fellow Servant. — Assumption of Risk.* — The wrongful employment of incompetent fellow servants is not one of the common and obvious hazards of the business assumed by the other servants.   *p. 463.*

From the Lawrence Circuit Court.   *Reversed.*

*J. R. East* and *McHenry Owen,* for appellant.
*M. F. Dunn,* for appellee.

DOWLING, C. J. —Complaint in two paragraphs for a personal injury caused by the negligence of an incompetent fellow servant.   Demurrer to each paragraph sustained, and judgment for appellee.   Error is assigned upon the rulings on the demurrers.

The substance of each paragraph of the complaint may be stated as follows:   The Bedford Quarries Company was, on and before July 14, 1898, a corporation organized under the laws of the State of Indiana, and was engaged in quarrying and shipping stone from a point near the city of Bed-

ford, in said State; on said day the said Levi J. Hall was an employe of the appellee, and had been in such employment more than one month; it was his duty to perform common labor in removing slush, dirt, and mud from the surface of the ledges of stone at the quarries of said company, such slush consisting of water, earth, dust of sawed stone, particles of broken stone, and other substances, and it was usually present in said quarries; on said day, and while so engaged in his work, exercising due care for his safety, and without fault on his part, one Joseph Chaugatty, another employe of the company, and who had been so employed for at least one month, walked by the place where appellant was at work, and, with the knowledge that appellant was not more than three or five feet behind him, the said Chaugatty, who had on both his hands a large quantity of said slush and dirt, then and there unnecessarily, carelessly, and negligently flung and threw backwards toward the appellant a large quantity of said slush, etc., knowing that it was likely to strike appellant, thereby striking appellant in the face, knocking out appellant's right eye, and otherwise injuring his left eye and face, permanently disabling him. Prior to his said injury appellant had not worked with said Chaugatty, and did not know that he was careless, negligent, or incompetent to perform his work in a proper manner; but in fact the said Chaugatty was careless, negligent, and reckless in his work; he was unacquainted with the use of tools or materials, and did not know how to handle either with safety to his co-employes; he did not speak English, and could not understand the instructions given him in regard to his work; he was inexperienced in handling said slush and dirt; his mind was so weak that he was unable to remove such slush and dirt with safety to his fellow servants; by reason of all of which ignorance, inexperience, incompetence, and imbecility, his fellow servants were constantly in danger of being injured by him while at work. All of said facts as to the ignorance, inexperience, incompetency

and imbecility of the said Chaugatty were well known to the Bedford Quarries Company at the time it employed him, or might have been learned by the exercise of reasonable diligence, and, with such knowledge, it retained him in its service until the time of the happening of the appellant's grievances; at the time of the injury to the appellant, both he and the said Chaugatty were working in the line of their duty under their respective employments; the appellee was negligent in employing and retaining the said Chaugatty with its knowledge of his incompetency to perform his duties with safety to his co-employes, and said negligence was the cause of appellant's injuries. The damages sustained by the appellant were laid at $10,000.

Reduced to its lowest terms, this paragraph charges that the appellee negligently employed and retained in its service an incompetent servant with knowledge of his incompetency, and that, by reason of such incompetency of the said servant, the appellant was injured without fault on his part, he having had no previous knowledge of such incompetency.

The general rule of the common law as to the liability of a master to a servant for injury occasioned by the negligence of an incompetent fellow servant, is thus stated: An employer who negligently, or knowingly, employs or retains in his service an incompetent servant is liable for injuries to a fellow servant sustained through the incompetency of the servant so employed and retained, unless the injured servant has assumed the risks incident to such incompetency. 12 Am. & Eng. Ency. of Law (2nd ed.) 909, 912; 3 Thompson on Negl. 974; 1 Sherm. & Redf. on Negl. (5th ed.) §191; Wood's Law of Master & Serv. (2nd ed.) §416, p. 814, *et seq.; Ohio, etc., R. Co.* v. *Collarn,* 73 Ind. 261, 38 Am. Rep. 134; *Evansville, etc., R. Co.* v. *Guyton,* 115 Ind. 450, 7 Am. St. 458; *Tarrant* v. *Webb,* 18 C. B. (86 Com. Law) 797; *Lawler* v. *Androscoggin R. Co.,* 62 Me. 463; *Gilman* v. *Eastern R. Corp.,* 10 Allen 233;

*Davis* v. *Detroit, etc., R. Co.,* 20 Mich. 105, 124, 4 Am. Rep. 364.

The complaint contains all of the allegations necessary to bring the case within the rule. It properly states that the injury resulted to the plaintiff because the master did not exercise reasonable and proper care in selecting a competent servant, and in retaining him after his incompetency became known. Wood's Law of Master & Serv. (2nd ed.), §419, p. 819. As the incompetency of the fellow servant was alleged to be unknown to the plaintiff, it cannot be said that he assumed the risk incident to such incompetency, nor was the wrongful employment of incompetent fellow servants one of the common and obvious hazards of the business in which the plaintiff was engaged.

The first paragraph of the complaint was sufficient, and the court erred in sustaining the demurrer to it. The second paragraph was substantially the same as the first, and the demurrer to it should have been overruled. Judgment reversed, with instructions to the court to overrule the demurrer to each paragraph of the complaint, and for further proceedings in accordance with this opinion.