## TOLEDO, ST. LOUIS AND WESTERN RAILROAD COMPANY *v.* LONG.

[No. 19,906.    Filed May 15, 1903.]

MASTER AND SERVANT.—*Wages.—Monthly Payment.—Penalty.—Attorney's Fees.—Complaint.*—In an action by an employe to recover the penalty and attorney's fees as provided by §§7056, 7057 Burns 1901, for failure of the employer to make full settlement with employes once a month, in the absence of a written contract to the contrary, it must be alleged and proved that there was no such written contract between the parties.

From Clinton Circuit Court; *J. V. Kent,* Judge.

Action by Charles J. Long against the Toledo, St. Louis & Western Railroad Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*C. G. Guenther, Braden Clark, Clarence Brown* and *C. A. Schmettau,* for appellant.

*A. H. Boulden, J. T. Hockman* and *H. N. Spaan,* for appellee.

MONKS, J.—This action was brought by appellee, an employe of appellant, for the recovery of wages, and for the recovery of a penalty and attorney's fees, under §§7056, 7057 Burns 1901, §§5206a, 5206b Horner 1897,

Acts 1885, p. 36.   An answer and a counterclaim were filed by appellant.   A trial of said cause by a jury resulted in a general verdict in favor of appellee, and, over appellant's motion for a new trial, a judgment was rendered thereon against appellant for the wages, penalty, and attorney's fees.   The only error assigned and not waived calls in question the action of the court in overruling appellant's motion for a new trial.

It is insisted by appellant that, under the issues, appellee was not entitled to recover the penalty and attorney's fees under said §§7056, 7057, *supra,* because the facts alleged in the complaint do not show that there was no written contract for the payment of said wages to appellee, contrary to the provisions of said sections.   Several of the causes assigned for a new trial present the question of the right of appellee to recover said penalty and attorney's fees.   It was held by this court in *Chicago, etc., R. Co.* v. *Glover,* 159 Ind. 166, that it is essential to the recovery of the penalty and attorney's fee under said sections, that the facts showing the absence of the contract mentioned in §7056, *supra,* be alleged and proved.   As the complaint in this case contains no such allegations, the court erred in instructing the jury that appellee was entitled to recover the penalty and attorney's fees.

It is also urged by appellant that appellee was not entitled to recover said penalty and attorney's fees, because said sections are in violation of the state and the federal Constitutions.   As this case can be decided without passing upon the constitutionality of said sections, in conformity with the well settled rule, that question is not considered or determined.   *Chicago, etc., R. Co.* v. *Glover; supra,* and cases cited.

Judgment reversed, with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.