## BALTIMORE & OHIO SOUTHWESTERN RAILROAD COMPANY v. HARMON.

[No. 20,067.   Filed October 29, 1903.]

APPEAL AND ERROR.—*Cause Within Jurisdiction of Justice of the Peace.* —*Constitutional Question.*—*Master and Servant.*—*Work and Labor.*— *Monthly Payment Wage Law.*—Plaintiff recovered a judgment against a railroad company before a justice of the peace for work and labor, including penalty and attorney's fees.  Defendant appealed to the circuit court and the court made a special finding and rendered judgment for plaintiff, including the penalty and attorney's fees, from which defendant appealed, and claimed on appeal that the penalty and attorney's fees were recovered under §§7056, 7057 Burns 1901, and that said sections are unconstitutional.   The complaint contained no facts showing the absence of the contract mentioned in §7056, *supra,* as required in such actions, nor were such facts shown by the special finding. *Held,* that no facts being pleaded nor found to bring the case within said statute, no constitutional question is presented, and the cause being within the jurisdiction of a justice of the peace, and the appeal governed by §§1337f, 1337h Burns 1901, no other question can be considered.

From Jennings Circuit Court; *Willard New,* Judge.

Action by William Harmon against the Baltimore & Ohio Southwestern Railroad Company.  From a judgment for plaintiff, defendant appeals.  *Appeal dismissed.*

*O. H. Montgomery, Burl New, Edward Barton, H. D. McMullen, H. R. McMullen* and *C. W. McMullen,* for appellant.

*John Overmyer* and *J. R. Williams,* for appellee.

MONKS, C. J.—Appellee sued appellant before a justice of the peace to recover for work and labor performed by him for appellant, and also demanded judgment for penalty and attorney's fees.  A trial of the cause resulted in a judgment in favor of appellee for the amount demanded.  The cause was appealed by appellant to the court below, and the court, at the request of appellant, made

Baltimore, etc., R. Co. *v.* Harmon.

a special finding of the facts, stated conclusions of law thereon, and rendered judgment in favor of appellee, which included said penalty and attorney's fees.

It is claimed that the penalty and attorney's fees were recovered under §§7056, 7057 Burns 1901, §§5206a, 5206b Horner 1897, Acts 1885, p. 36, and that said judgment was erroneous because said sections, so far as they provide for the recovery of a penalty and attorney's fees, are in violation of the state and federal Constitutions. The transcript in this cause was filed in this court December 29, 1902, and is therefore governed by §§6 and 8 of the act of 1901 (Acts 1901, p. 565, §§1337f, 1337h Burns 1901). This cause was within the jurisdiction of a justice of the peace, and under said sections the only questions that can be presented are those enumerated in §8 of said act of 1901, §1337h, *supra,* one of which is the constitutionality of a statute. It has been held by this court that before an employe can recover the penalty and attorney's fees under said sections, if the same are constitutional, he must allege in his complaint and prove facts showing the absence of the contract mentioned in said §7056, *supra.  Chicago, etc., R. Co.* v. *Glover,* 159 Ind. 166, 170; *Toledo, etc., R. Co.* v. *Long,* 160 Ind. 564. The complaint in the case contains no such allegations, nor are such facts found in the special finding of the court. It is evident, therefore, that the complaint and special finding do not bring the case within said §§7056, 7057, *supra,* and therefore no question of their constitutionality is presented by this appeal.

As no question mentioned in §1337h, *supra,* is presented by this appeal, the same is dismissed.