### INDIANAPOLIS & GREENFIELD RAPID TRANSIT COMPANY v. FOREMAN.

[No. 20,253.   Filed January 29, 1904.]

PLEADING.—*Demurrer.*—*Exception.*—*Appeal and Error.*—Where two defendants jointly filed a demurrer to each paragraph of complaint, and each defendant filed a separate demurrer to each paragraph of complaint, and to the overruling of such demurrers the defendants "jointly and separately excepted," an assignment of error on appeal by one of the defendants, predicated upon the exception to the rulings on the demurrers to each paragraph of the complaint, presents the sufficiency of the complaint. *pp. 87, 88.*

MASTER AND SERVANT.—*Fellow Servants.*—*Interurban Railways.*—An employe of an interurban railway company, engaged as a common laborer upon its tracks, is a fellow servant with employes in charge of a passenger car; and where such employe was injured while being transported from his work, on a car of his employer, by reason of the negligence of an employe in charge of a passenger-car, the employer is not liable therefor at common law. *pp. 89-92.*

SAME.—*Personal Injuries.*—*Pleading.*—*Interurban Railways.*—Allegations in a complaint in an action by an employe of an interurban railway company engaged as a common laborer on defendant's tracks, for injuries sustained while being transported from his work, on a car of defendant, by reason of the negligence of an employe of defendant in charge of

162   85
162  105
162  254

162   85
163  252
163  258
162   85
164  148
164  334

162   85
165  119
165  211

162   85
f166  672
167  397
168  227
f168  673

162   85
169   32
169  160
f169  676
169  677
169  680
169  681
f170   87
170   89
f170   90
f170  378

162   85
171  413

a passenger-car, that the work plaintiff was employed to do had no connection with the work or employment of the motorman or servants in charge of the passenger-car, and that he was simply a passenger on the work car, and that defendant owed him the duty and was bound to carry him safely, are mere conclusions of the pleader, and do not control the special facts alleged. *p. 92.*

MASTER AND SERVANT.—*Incompetent Fellow Servant.*—*Knowledge of Plaintiff.*—*Pleading.*—A complaint by an employe of an interurban railway company for personal injuries charging that plaintiff was injured by reason of the negligence of an employe who was incompetent, and known by the employer to be incompetent, is bad for failure to negative knowledge of such incompetency on the part of plaintiff. *pp. 92, 93.*

SAME.—*Incompetent Fellow Servant.*—*Knowledge of Plaintiff.*—*Assumption of Risk.*—*Pleading.*—An allegation in a complaint, in an action by a servant against the master for personal injuries sustained by reason of the negligence of an incompetent fellow servant retained by the master, that plaintiff was injured "without any fault or negligence on his part," does not take the place of an averment showing that the risk of the incompetent servant was not knowingly assumed by plaintiff as an incident of the service. *pp. 93, 94.*

SAME.—*Employers' Liability Act.*—*Complaint.*—A complaint for personal injuries under the second subdivision of ₴7083 Burns 1901 must show that the employe by whose negligence the plaintiff was injured was the one to whose order or direction he was bound to conform and was conforming when injured. *p. 94.*

SAME.—*Employers' Liability Act.*—*Railroads.*—No liability is created by the fourth subdivision of ₴7083 Burns 1901 for injuries caused by the negligence of a person in charge of a switch. *pp. 95, 96.*

PLEADING.—*Statutes.*—*Proof.*—A person who seeks the benefit of a statute must by averment and proof bring himself within its provisions. *p. 96.*

SAME.—*Personal Injuries.*—*Common Law Liability.*—*Complaint.*—An allegation, in a complaint by an employe against an interurban railway company for personal injuries upon the theory that the injury was caused by the negligence of the motorman who was reckless and incompetent, and was known to be such by defendant, that the passenger-car in charge of the motorman "collided with the car in which plaintiff was riding, whereby plaintiff, without any fault or negligence on his part, and without any knowledge of the careless conduct of said motorman in operating his said car, was thrown with great force and violence forward in said car" and thereby injured, means only that he had no knowledge of the careless and reckless manner in which the motorman was operating his car at the time of the collision, and is not equivalent to an allegation that plaintiff at and before the time of his injury had no knowledge of the recklessness and incompetency of the motorman. *pp. 96, 97.*

PLEADING.—*Conclusions.*—*Facts Stated by Way of Recital.*—In determining the sufficiency of a complaint as against a demurrer for want of facts, allegations amounting to mere conclusions of the pleader stated by way of recital will be eliminated.  *p. 98.*

MASTER AND SERVANT.—*Knowledge of Defects.*—*Actual and Implied Knowledge.*—*Assumption of Risk.*—In an action by a servant against the master for personal injuries it is error, in instructing the jury, to limit the servant's knowledge of defects or imperfections in the place, ways, machinery, or want of capacity or negligent habits of fellow servants, to actual knowledge, for implied knowledge, such as could have been acquired by the exercise of ordinary care, has the same force and effect as actual knowledge.  *pp. 99-101.*

QUERY.—*Interurban Railways.*—*Employers' Liability Act.*—Does the employers' liability act (§7083 Burns 1901) apply to street and interurban railroads?  *p. 101.*

From Henry Circuit Court; *W. O. Barnard,* Judge.

Action by Marion S. Foreman against the Indianapolis & Greenfield Rapid Transit Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901.  *Reversed.*

*W. A. Brown, J. P. Walker* and *E. J. Binford,* for appellant.

*M. E. Forkner, G. D. Forkner, E. T. Glasscock, Ephraim Marsh* and *W. W. Cook,* for appellee.

MONKS, J.—Appellee brought this action against appellant and the Kirkpatrick Construction Company, a corporation, to recover for a personal injury alleged to have been caused by the negligence of said corporations. The defendants jointly filed a demurrer to each paragraph of the amended complaint, and each defendant filed a separate demurrer to each paragraph of the complaint. These demurrers, which challenged each paragraph of the complaint for want of facts, were overruled by the court, to which ruling the defendants "jointly and separately excepted." A trial of said cause resulted in a general verdict against appellee as to the Kirkpatrick Company and in favor of appellee against appellant. Appellant filed a motion for a new trial, which was overruled, and judgment was rendered on the verdict in favor of appellee.

The errors assigned call in question the action of the court in overruling (1) the joint demurrer of appellant and said construction company, to the amended complaint, (2) the separate demurrer of appellant to each paragraph of the amended complaint, and (3) appellant's motion for a new trial. The amended complaint is also challenged by an assignment that the same "does not state facts sufficient to constitute a cause of action."

Appellee insists that appellant's assignment of errors predicated upon the exception taken by appellant to the rulings on the demurrers to each paragraph of the complaint presents no question as to the sufficiency of the paragraphs thereof, citing *City of South Bend* v. *Turner*, 156 Ind. 418, 421, 54 L. R. A. 396, 83 Am. St. 200. It will be observed that in the case cited the exception was joint, while in this case the defendants "jointly and separately excepted." It is clear, therefore, that the case cited is not in point here.

The first paragraph of the amended complaint proceeds upon a common law liability. Appellant was, on May 27, 1901, "a corporation owning and operating an interurban street railway extending from Irvington to Greenfield, in this State, and was a common carrier of passengers for hire. On said day appellee was an employe of appellant as a common laborer, and was engaged with divers others in constructing a spur from appellant's track to Spring Lake, a distance of three-fourths of a mile. Appellant had in use on said day a car known as a work-car, which had been and was used in carrying its employes to divers points along said road where they were engaged and employed by appellant in building, maintaining, and repairing its said line of road. After said day's work had been finished, at about 6:30 p. m., appellee, with divers other employes of appellant, entered said work-car on said spur for the purpose of being carried to Greenfield, where he resided. While he was in said car, and the same was standing on

a switch of appellant's road, one of appellant's passenger-cars in charge of its employes approached said switch from the west at a high and dangerous rate of speed, to wit, thirty miles per hour, and ran into and upon said switch and collided with said work-car and injured appellee." In addition to the averments in the first paragraph of the amended complaint showing the above facts, there are other allegations showing that the collision and consequent injury of appellee were caused by the negligence and carelessness of appellant's employes in charge of said passenger-car in not obeying the rules of appellant.

It is also alleged in said first paragraph that "the work in which appellee was engaged was common labor upon the tracks of appellant, and had no connection with, nor was the same in any manner incident to or a part of the work or employment of said motorman or servants in charge of the passenger-car; nor were the squad of laborers with whom said appellee was working as aforesaid, and who were with him in said work-car, in any manner connected or associated with the said servants of appellant in charge of said work-car or said passenger-car which collided with it; that appellee had no charge of said work-car or the operation thereof, but was simply a passenger thereon at the time of the accident." Appellee says that this "paragraph of the complaint proceeds upon a common law liability," and that the same is sufficient, because it is alleged that his injury was occasioned by the negligence of other servants of the company, whose duties were not common nor in the same department with those of the appellee, citing *Fitzpatrick* v. *New Albany, etc., R. Co.,* 7 Ind. 436.

It was held in the case cited and in *Gillenwater* v. *Madison, etc., R. Co.,* 5 Ind. 339, 61 Am. Dec. 101, that a railroad company is liable to an employe for an injury occasioned by the negligence of other employes of the company where the duties of the latter, in connection with

which the injury happens, are not common or in the same department with those of the injured servant. Those cases, however, were overruled on this point in *Columbus, etc., R. Co.* v. *Arnold,* 31 Ind. 174, 183, 99 Am. Dec. 615, where it was said concerning said rule: "But this limitation of the exemption of the company from liability in such cases is not recognized in any of the subsequent cases; and it is now settled in this State, that the employer is not liable for an injury to one employe, occasioned by the negligence of another engaged in the same general undertaking. *Ohio, etc., R. Co.* v. *Tindall,* 13 Ind. 366; *Wilson* v. *Madison, etc., R. Co.,* 18 Ind. 226; *Slattery* v. *Toledo, etc., R. Co.,* 23 Ind. 81; *Ohio, etc., R. Co.* v. *Hammersley,* 28 Ind. 371. In *Slattery* v. *Toledo, etc., R. Co., supra,* Worden, J., quotes, with approbation, from the decision in *Wright* v. *New York Cent. R. Co.,* 25 N. Y. 562, as follows: 'Neither is it necessary, in order to bring a case within the general rule of exemption, that the servants, the one that suffers and the one that caused the injury, should be at the time engaged in the same operation or particular work. It is enough that they are in the employment of the same master, engaged in the same common enterprise, both employed to perform duties and services tending to accomplish the same general purposes, as in maintaining and operating a railroad, operating a factory, working a mine, or erecting a building. The question is whether they are under the same general control.' To the same effect is the case of *Manville* v. *Cleveland, etc., R. Co.,* 11 Ohio St. 417, where it is said, that 'those employed in facilitating the running of the trains, by ballasting the track, removing obstructions, and those employed at stations, attending to switches, and other duties of a like nature upon the road, as well as those upon the trains, operating, may all be well regarded as fellow servants in the common service.' "

In *Gormley* v. *Ohio, etc., R. Co.,* 72 Ind. 31, a laborer,

whose duty was to assist in repairing the track, etc., while being carried to his work on a hand-car, was killed by a collision with a freight-train. His death was occasioned by the negligence of the engineer in charge of the engine and said train. The court's attention was called to the cases of *Gillenwater* v. *Madison, etc., R. Co., supra,* and *Fitzpatrick* v. *New Albany, etc., R. Co., supra,* and on page 33 it was said: "The cases cited by counsel were not overlooked, but were referred to and explained or disapproved in the later cases. *Slattery* v. *Toledo, etc., R. Co.,* 23 Ind. 81; *Columbus, etc., R. Co.* v. *Arnold,* 31 Ind. 174; *Wilson* v. *Madison, etc., R. Co.,* 18 Ind. 226; *Pittsburgh, etc., R. Co.* v. *Ruby,* 38 Ind. 294; *Sullivan* v. *Toledo, etc., R. Co.,* 58 Ind. 26. These later cases are certainly not consistent with the ground on which it is sought to have a right of recovery in the appellant. If a hardship results from the application of the rule that an employer is not liable to one employe for an injury caused by another employe engaged in the same general undertaking, it is more fitting that the legislature be invoked to give a remedy, than that this court should undertake to introduce doubtful exceptions to a rule so clearly established." In *Evansville, etc., R. Co.* v. *Barnes,* 137 Ind. 306, 310, the rule as stated in *Columbus, etc., R. Co.* v. *Arnold, supra,* is quoted with approval. The following cases are to the same effect: *Thacker* v. *Chicago, etc., R. Co.,* 159 Ind. 82, 85, 59 L. R. A. 792, and cases cited; *Thompson* v. *Citizens St. R. Co.,* 152 Ind. 461, 469, and cases cited; *Justice* v. *Pennsylvania Co.,* 130 Ind. 321; *Spencer* v. *Ohio, etc., R. Co.,* 130 Ind. 181, 184, and cases cited; *Clarke* v. *Pennsylvania Co.,* 132 Ind. 199, 17 L. R. A. 811, and cases cited; *Capper* v. *Louisville, etc., R. Co.,* 103 Ind. 305; *Indiana, etc., R. Co.* v. *Dailey,* 110 Ind. 75, 79, 80, and cases cited; *Sullivan* v. *Toledo, etc., R. Co., supra;* Woollen, Trial Proc., §§1350, 1351; Beach, Contrib. Neg., §331. It is clear under the cases cited that

appellee, an employe of appellant, engaged in common labor upon its track, was a fellow servant with those in charge of the passenger-car.

It is a general rule in this State that employes, while being transported to and from their work on the cars of trains of their employers, are fellow servants of those engaged in the same general undertaking, and if injured, while being so carried, by the negligence of a fellow servant, the employer is not liable therefor. Bailey, Masters' Liability, 283, 360, 361, and cases cited; *Ohio, etc., R. Co.* v. *Hammersley*, 28 Ind. 371; *Wilson* v. *Madison, etc., R. Co., supra,* and cases cited; *Capper* v. *Louisville, etc., R. Co., supra,* and cases cited; *Ohio, etc., R. Co.* v. *Tindall,* 13 Ind. 366, 369, 74 Am. Dec. 259, and cases cited; *Gormley* v. *Ohio, etc., R. Co., supra; Bowles* v. *Indiana R. Co.,* 27 Ind. App. 672, 675, and cases cited; *Ewald* v. *Chicago City R. Co.,* 70 Wis. 420, 36 N. W. 12, 5 Am. St. 178; *Gilman* v. *Eastern R. Corp.,* 10 Allen 233, 87 Am. Dec. 635; *Gillshannon* v. *Stony Brook R. Corp.,* 10 Cush. 228; *Ryan* v. *Cumberland Valley R. Co.,* 23 Pa. St. 384; *Vick* v. *New York, etc., R. Co.,* 95 N. Y. 267, 47 Am. Rep. 36.

The allegation that the work appellee was engaged in doing had no connection with, nor was in any way connected with or incident to or a part of, the work or employment of the motorman or servants in charge of the passenger-car, and the allegation that he was simply a passenger on the work-car, and the allegation that appellant owed him a duty, and was bound to carry him safely, are mere conclusions of the pleader, and are not admitted by the demurrer, and can not control the special facts alleged, which show that he was a fellow servant of those in charge of the passenger-car. Woollen, Trial Proc., §1037.

It is true that if an employe is injured by the negligence of a fellow servant who is incompetent, and this incompetency is the proximate cause of the injury, the employer is liable therefor if he knew, or could by the exercise of

ordinary care have known, of such incompetency, and the injured employe was not guilty of any negligence contributing to his injury, and did not know and could not have known of such incompetency by the exercise of ordinary care. For if an injured employe has knowledge of the incompetency of his fellow servant by whose negligence he is injured, and enters the service with such knowledge, or continues therein after he obtains, or could by the exercise of ordinary care have obtained, such knowledge, he assumes the risks incident to such incompetency. *Lake Shore, etc., R. Co.* v. *Stupak,* 108 Ind. 1, 5, 6, and cases cited; *Louisville, etc., R. Co.* v. *Sandford,* 117 Ind. 265-269, and cases cited; *Indianapolis, etc., R. Co.* v. *Watson,* 114 Ind. 20, 25, 27, 5 Am. St. 578, and cases cited; *Indiana, etc., R. Co.* v. *Dailey, supra; Louisville, etc., R. Co.* v. *Kemper,* 147 Ind. 561, 565-567, and cases cited; *Kroy* v. *Chicago, etc., R. Co.,* 32 Iowa 357; Woollen, Trial Proc., §§1347, 1348, 1352. No such facts were alleged in said paragraph. It follows that the court erred in overruling the demurrer to the first paragraph of the amended complaint.

The second paragraph of the amended complaint alleges that appellee's injury was caused by the negligence of the employe in charge of the switch in opening the same so as to allow the passenger-car to enter thereon and collide with the work-car. Conceding, without deciding, that this paragraph sufficiently charges the incompetency of the person in charge of said switch, and appellant's knowledge thereof, it is not alleged that appellee did not know of such incompetency before the injury. For want of allegations negativing such knowledge on the part of appellee the paragraph was clearly insufficient. It is alleged in said paragraph that appellee was injured "without any fault or negligence on his part," but this does not take the place of averments showing that the risk of the incompetency of the person in charge of the switch was not knowingly assumed as an incident of his service. *Louisville, etc., R.*

*Co.* v. *Corps,* 124 Ind. 427, 428, 8 L. R. A. 636; *Peerless Stone Co.* v. *Wray,* 143 Ind. 574-576; *Cleveland, etc., R. Co.* v. *Parker,* 154 Ind. 153, and cases cited; *Bowles* v. *Indiana R. Co., supra;* Woollen, Trial Proc., §1347.

The third paragraph of the amended complaint is founded upon the second subdivision of §7083 Burns 1901, §5206s Horner 1901, which provides "that every railroad * * *. shall be liable for damages for personal injuries suffered by any employe while in its service, the employe so injured being in the exercise of due care and diligence. * * * Second. Where such injury resulted from the negligence of any person in the service of such corporation, to whose order or direction the injured employe at the time of the injury was bound to conform, and did conform." In order to make a good complaint under this subdivision, it is necessary to allege, among other things, that the injured employe was conforming to the order or direction of some person in the service of the corporation to whose order or direction he was bound to conform and did conform, and that while conforming to such order or direction he was injured by the negligence of the employe to whose order he was conforming. *Thacker* v. *Chicago, etc., R. Co.,* 159 Ind. 82, 90-93, 59 L. R. A. 792; *Louisville, etc., R. Co.* v. *Wagner,* 153 Ind. 420; *American Rolling Mill Co.* v. *Hullinger,* 161 Ind. 673.

It is alleged in said paragraph that on the 27th of May, 1901, appellee was in the service of appellant as a common laborer, and was directed by appellant to enter one of its cars, about one mile west of Philadelphia, for the purpose of being carried by appellant to the city of Greenfield; that appellee was bound to conform to the order and direction aforesaid, and that while on said car appellant negligently and carelessly ran one of its other cars into and caused the same to collide with the car which appellee had entered, whereby he was injured, etc. This paragraph is clearly insufficient. It is not shown that the employe

by whose negligence he was injured was the one to whose order or direction he was bound to conform and was conforming when injured. Proof that appellee was injured while conforming to the order or direction of one employe, to whose order and direction he was bound to conform, and that his injury was caused by the negligence of another co-employe, who had no such authority, would sustain said allegations of the third paragraph, but would not make a case under said second subdivision of §7083, *supra*.

In the fourth paragraph it is alleged that appellee, a laborer in the service of appellant, was directed to enter said work-car for the purpose of being carried to Greenfield, and was thence carried to a siding; that at the time and place "where said car was side-tracked the switch was placed by appellant in charge of one of its servants, who then and there negligently and carelessly operated said switch so that another car of appellant ran into the same and collided with great force and violence with the car on said switch in which appellee was then riding, whereby he was injured, etc.; * * * that said servant of appellant in charge of said switch as aforesaid was at the time and place acting in the place and performing the duties of said appellant, and that appellee was then and there obeying and conforming to the order of appellant at the time of such injury." It is evident from what we have already said that the allegations of said paragraph are not sufficient to avoid the effect of the common law rule that an employe can not recover for injuries caused by the negligence of a fellow servant. It is also clear from what was said in regard to the third paragraph that a cause of action is not stated under the second subdivision of §7083 Burns 1901 of the employers' liability act of 1893.

Neither does the allegation concerning the negligence of the person in charge of the switch state a cause of action under the fourth subdivision of the employers' liability act; for no liability is created by said subdivision for injuries

caused by the negligence of persons in charge of a switch. *Baltimore, etc., R. Co.* v. *Little,* 149 Ind. 167. It is a well-settled rule that when a party seeks the benefit of a statute he must by averment and proof bring himself within its provisions. *American Rolling Mill Co.* v. *Hullinger, supra; Hodges* v. *Standard Wheel Co.,* 152 Ind. 680, 693; *Porter* v. *State, ex rel.,* 141 Ind. 488, 490; *Weir* v. *State, ex rel.,* 161 Ind. 435; *Goodwin* v. *Smith,* 72 Ind. 113, 116, 37 Am. Rep. 144; *Van Sickle* v. *Belknap,* 129 Ind. 558, 559; *Jackson School Tp.* v. *Farlow,* 75 Ind. 118, 120, 121; *Potts* v. *Felton,* 70 Ind. 166, 169; *Blanchard* v. *Wilbur,* 153 Ind. 387, 392; *Massey* v. *Dunlap,* 146 Ind. 350, 354, 355; *Chicago, etc., R. Co.* v. *Vert,* 24 Ind. App. 78, 81; *Baltimore, etc., R. Co.* v. *Harmon,* 161 Ind. 358; *Toledo, etc., R. Co.* v. *Long,* 160 Ind. 564; *Chicago, etc., R. Co.* v. *Glover,* 159 Ind. 166, 169. Said third and fourth paragraphs wholly fail to bring appellee within any of the provisions of the employers' liability act of 1893.

The fifth paragraph of complaint is predicated upon common law liability, and proceeds upon the theory that the injury complained of was caused by the negligence of a motorman in the service of appellant, who was a reckless and incompetent motorman, and was known to be such by appellant long before the collision in which appellee was injured. It is not alleged in said paragraph that appellee had "no knowledge of the recklessness and incompetency of the motorman." Such an allegation is essential to the sufficiency of a paragraph predicated upon the incompetency of a fellow servant. True, it is alleged that the passenger-car in charge of the motorman "collided with the car in which appellee was riding, whereby appellee, without any fault or negligence on his part, and without any knowledge of the careless and reckless conduct of said motorman in operating his said car, was thrown with great force and violence forward in said car," and thereby injured. The allegation that appellee was "without any

knowledge of the careless and reckless conduct of said motorman in operating said car" means only that he had no knowledge of the careless and reckless manner in which the motorman was operating his car at the time of the collision. This is not equivalent to an allegation that appellee at and before the time of his injury had no knowledge of the recklessness and incompetency of the motorman. *Lake Shore, etc., R. Co.* v. *Stupak,* 108 Ind. 1, 5. The averment of the want of knowledge on the part of the injured employe must be as broad as the allegation of knowledge on the part of the employer. *Peerless Stone Co.* v. *Wray,* 143 Ind. 574, 575-577. We have already shown that an allegation that appellee was without any fault or negligence on his part does not supply the place of averments showing that the risk of the incompetency of the motorman was not voluntarily assumed as an incident of his service.

It is alleged, as against appellant, in the sixth paragraph, that appellee was in the service of appellant constructing a spur-track from appellant's main line to Spring Lake, "and was and had been carried by defendant [appellant] from his home in Greenfield to and from his place of employment; that for the carrying of said plaintiff and his co-laborers to and from the point aforesaid the defendant had furnished a work-car propelled by electricity; that it was so old and so negligently constructed and equipped that it could not be operated on the defendant's main line without great danger of collision with the other cars of the defendant running between stations, or delaying the same in making their schedule time; that at the close of plaintiff's day's work and on said day he was ordered, directed, and invited by the defendant, by and through its authorized agents and employes, to enter into and upon said work-car, to be carried from his place of employment to his said home in Greenfield aforesaid; that by reason

of the said order, direction, and invitation of the defendant aforesaid, and directed and induced thereby, the plaintiff entered into and upon said car for the purpose of being carried as aforesaid to his said home aforesaid; that said car proceeded upon its course upon defendant's main track for some distance towards the said town of Greenfield, whereupon (by reason of its defective construction and equipment thereof) the defendant and its employes (were compelled to and did) run said car into and upon a side-track of the defendant connecting with its main line to permit an incoming car to pass the same, and while said car was standing upon said track, and while the plaintiff was lawfully and rightfully in and upon said car for the purpose of being carried to his home aforesaid, the defendant negligently and carelessly by and through the negligence of its motorman, officers, agents, and employes in the control, management, and direction of said cars and the switchman in charge of said switch, and by reason of its negligent and defective rules and mode of keeping knowledge of and directing its cars, run another car with a speed of thirty miles per hour into and upon said switch, and into and upon the said car in which the plaintiff was situated as aforesaid, and upon, into, and against the plaintiff—all without any fault or negligence of the plaintiff in any particular whatever."

It can not be held that said paragraph shows that appellant had failed to exercise ordinary care in establishing and promulgating its rules, or in the mode of keeping knowledge of and directing its cars. There are no direct averments to that effect. Moreover, said allegations are mere conclusions of the pleader stated by way of recital. Facts, not conclusions, must be averred; and they must be pleaded directly and positively. It avails nothing as against a demurrer to aver conclusions or to plead facts by way of recital. *Nysewander* v. *Lowman,* 124 Ind. 584, 590; *Weir* v. *State, ex rel.,* 161 Ind. 435, and cases cited;

*Roberts* v. *Lovell,* 38 Wis. 211, 215; Bliss, Code Pleading (3d ed.), §318. In determining the sufficiency of said paragraph, therefore, we must eliminate the allegation in regard to "negligent and defective rules" and "mode of keeping knowledge of and directing their cars." If the negligent construction and equipment of the work-car and the alleged great danger of operating it on the main line were the proximate cause of the injury, the same would be insufficient, because it is not alleged that appellee had no knowledge of the negligent construction and equipment of said work-car, and the consequent danger of collision with other cars. In other words, to be sufficient on the ground of the negligent construction, etc., of the work-car, the allegations must show that he has not assumed the risks incident to the defective construction of the work-car of which he complains. It is evident, however, that the proximate cause of appellee's injuries was the running of another car "into and upon said work-car," and not the negligent construction and equipment of said work-car. What is alleged in regard to the age and negligent construction and equipment of the work-car, and the danger of operating it on the main line, may therefore be disregarded.

Disregarding the conclusions, recitals, and allegations mentioned, said amended sixth paragraph charges that appellee's injuries were caused by the negligence of those "in the control, management, and direction of" the work-car and the car which ran into it. The persons in charge of said cars, as we have already shown, were, regardless of the names or titles by which they were designated, fellow servants of appellee, and if appellee was injured by their negligence, as alleged, appellant was not liable therefor.

It is a well-settled rule in this State that an employe who knows, or by the exercise of ordinary care could know, of any defects or imperfections in the place, ways, machinery, appliances, tools, or other things about which

he is employed, or the want of capacity or the negligent habits of a fellow servant, and continues in the service without objection and without a promise of change, is presumed to have assumed the risks resulting from such defects or imperfections, or fellow servant's want of capacity or negligent habits, and can not recover for injuries caused thereby. The rule does not require that the employe search for latent defects in the ways, machinery, appliances, tools, or other things about or with which he works, or the hidden dangers of the place where he is engaged in the line of his duty, but it goes to the extent that he assumes the consequences resulting from such defects as are patent, and such as are known to him, and such as by the exercise of ordinary care he could discover. *Wabash R. Co. v. Ray,* 152 Ind. 392, 400, 401. It has been uniformly held, therefore, that in an action by an employe against his employer for injuries received while in his employment, a complaint, to be sufficient, must allege that he had no knowledge of such defects or imperfections, or fellow servant's want of capacity or negligent habits; and if he have such knowledge he must allege facts which show a sufficient reason for continuing in such employment. Woollen, Trial Proc., §§1350, 1352, and cases cited; *Stone v. Bedford Quarries Co.,* 156 Ind. 432; *Hall v. Bedford Quarries Co.,* 156 Ind. 460; *Cleveland, etc., R. Co. v. Parker,* 154 Ind. 153, and cases cited; *McFarlan Carriage Co. v. Potter,* 153 Ind. 107; *Consolidated Stone Co. v. Summit,* 152 Ind. 297, 299, 300; *Louisville, etc., R. Co. v. Kemper,* 147 Ind. 561, and cases cited; *Peerless Stone Co. v. Wray,* 143 Ind. 574-577, and cases cited; Boone, Code Pleading, §169. Under this rule none of the paragraphs of the complaint states facts sufficient to constitute a cause of action at common law.

While it is sufficient to allege in the complaint a want of knowledge on the part of the injured employe, to sustain such allegation the evidence must show that the injured

employe not only had no knowledge of the defect or imperfection in the machinery, appliances, tools, or other things about which he was employed, or of the fellow servant's incompetency or recklessness complained of, but could not have had such knowledge by the exercise of ordinary care. *Consolidated Stone Co.* v. *Summit, supra,* and cases cited. In an instruction to the jury, however, it is error to say that want of knowledge on the part of the injured employe will enable him to recover against his employer, for this limits the employe's assumption of risk to things of which he has actual knowledge. If he had such knowledge, or could have had by the exercise of ordinary care, he can not recover. It is error, therefore, in instructions to the jury, to limit the injured employe's knowledge to actual knowledge; for implied knowledge, such as could have been acquired by the exercise of ordinary care, has the same force and effect as actual knowledge. *Pennsylvania Co.* v. *Ebaugh,* 152 Ind. 531, 533-535, and cases cited; *Chicago, etc., R. Co.* v. *Glover,* 159 Ind. 166, and cases cited. For this reason two of the instructions given to the jury were erroneous.

As none of the paragraphs of complaint states a cause of action under the employers' liability act of 1893 (§7083 Burns 1901), it is unnecessary to decide whether or not said act, or any part thereof, applies to street and interurban railroads. For a discussion of this question see *Sams* v. *St. Louis, etc., R. Co.,* 174 Mo. 53, 73 S. W. 686, 61 L. R. A. 475; *Savannah, etc., Railway* v. *Williams,* 117 Ga. 414, 43 S. E. 751, 61 L. R. A. 249; Dresser, Employers' Liability, §80, pp. 349, 350, and cases cited. Other questions are argued, but as they may not arise on another trial of the cause they are not considered.

Judgment reversed, with instructions to sustain appellant's demurrer to each paragraph of the amended complaint.