## SEELYVILLE COAL & MINING COMPANY *v.* McGLOSSON.

[No. 5,515.    Filed January 3, 1906.]

COURTS.—*Jurisdiction.*—*Appeal and Error.*—*Constitutional Law.*—*Statutes.*—*Payment of Wages.*—Where, on appeal to the Appellate Court, the constitutional validity of §§7065, 7068 Burns 1901, Acts 1887, p. 13, §§1, 4, providing for the payment of wages to employes biweekly, is involved, jurisdiction is in the Supreme Court and such cause will be transferred thereto.

From Vermillion Circuit Court; *A. F. White,* Judge.

Action by Jacob W. McGlosson against the Seelyville Coal & Mining Company. From a judgment for plaintiff, defendant appeals. (For decision of Supreme Court, see 166 Ind. —.) *Transferred to Supreme Court.*

*T. W. Harper, C. W. Ward* and *Frank A. Kelley,* for appellant.

*William Tichenor* and *G. G. Rheuby,* for appellee.

ROBINSON, J.—Appellee sued for wages for work and labor in a coal mine.

The facts found by the court are, in substance: Appellant was an Indiana corporation during the years 1901 and 1902. Appellee was employed by appellant as a laborer

for the purpose of mining coal. On December 10, 1901, appellant was indebted to appellee $24.41 for wages in mining coal. Appellant had adopted the 10th and 25th days of each month as regular days for paying wages due its employes. The sum of $24.41 was for wages due appellee for two weeks' labor prior to December 10, 1901. On the 11th day of that month appellee demanded such sum, which demand was refused, and the same is now due and unpaid. On December 25, 1901, appellant was indebted to appellee $16.66 for wages. Because December 25 was a holiday, appellant selected December 24 as a pay-day. The sum of $16.66 was for wages for two weeks' labor prior to December 25. On December 24, appellee demanded payment of such sum, which was refused, and such sum is due and unpaid. On January 10, 1902, appellant was indebted to appellee $17.92 for wages due for two weeks prior to that date. On the 13th day of that month appellee demanded such sum, which demand was refused, and the same is due and unpaid. The labor performed by appellee for appellant was performed, and the wages due therefor became due, in Vigo county, Indiana. On February 21, 1902, appellee commenced this action for the recovery of such sums and penalties. He employed an attorney who has rendered services of the value of $50.

As a conclusion of law the court stated that appellee is entitled to recover the sum of $58.99 for his labor, and the further sum of $117.98 as the penalty thereon, and the sum of $50 as his attorney's fees—in all the sum of $226.97.

If this action is brought under §§7056, 7057 Burns 1901, Acts 1885, p. 36, §§1, 2, the judgment, as argued by appellant's counsel, should be reversed upon the authority of *Chicago, etc., R. Co.* v. *Glover* (1902), 159 Ind. 166, and *Toledo, etc., R. Co.* v. *Long* (1903), 160 Ind. 564. But the above act makes provision for the payment of wages monthly, and the special findings show that the proceedings evidently were had under the statute providing for the pay-

ment of wages biweekly. §7065 *et seq.* Burns 1901, Acts 1887, p. 13.

Section 7065, *supra* (section one of said act), provides: "That every corporation, association, company, firm or person engaged, in this State, in mining coal, ore or other mineral, or quarrying stone, or in manufacturing iron, steel, lumber, staves, heading, barrels, brick, tile machinery, agricultural or mechanical implements, or any article of merchandise, shall pay each employe of such corporation, company, association, firm or person, if demanded, at least once, every two weeks, the amount due such employe for labor, and such payment shall be in lawful money of the United States, and any contract to the contrary shall be void." Section 7068 Burns 1901, Acts 1887, p. 13, §4, provides: "Every corporation, company, association, firm or person who shall fail for ten days after demand of payment has been made to pay employes for their labor, in conformity with the provisions of this act, shall be liable to such employe for the full value of his labor, to which shall be added a penalty of $1 for each succeeding day, not exceeding double the amount of wages due, and a reasonable attorney's fee, to be recovered in a civil action and collectible without relief."

It is not claimed by counsel that the case is not made out under the above sections, but it is argued that the act is unconstitutional. For the determination of that question the case must be transferred to the Supreme Court, and it is so ordered.